# Mims *v.* The State.

141　93
141　75

*Prosecution for Unlawfully or Wantonly Killing or Injuring an Ox.*

1. *Unlawfully or wantonly killing or injuring an ox; habit of ox inadmissible in evidence.*—In a prosecution for unlawfully or wantonly killing or injuring an ox. the habit of the ox "in breaking into and going in fields that were enclosed" is irrelevant to any issue involved, and is inadmissible in evidence.

2. *Charge as to reasonable doubt; reasonable probability.*—In the trial of a criminal case, a charge asserts a correct proposition, and should be given at the request of the defendant, which instructs the jury that "if there is from the evidence a reasona-

[Mims v. The State.]

ble probability of defendant's innocence, then this is the just foundation for a reasonable doubt, and would authorize an acquittal."

3. *Impeachment of witness; charge in reference thereto.*—Where in the trial of a criminal case, a witness for the State upon his cross-examination, denies having made certain statements out of court, which were in conflict with his testimony as given on trial, and the defendant introduces a witness who testified that State's said witness did make the statements inquired about out of court, a charge requested by the defendant is properly refused, which instructs the jury that if said State's witness "made statements out of court in conflict with those made in court, and if they believe this fact," then said witness is impeached.

APPEAL from the County Court of Geneva.

Tried before the Hon. P. N. HICKMAN.

The appellant in this case was prosecuted and convicted for unlawfully and wantonly killing or injuring an ox, the property of one T. E. Hobbs. On the trial of the case, said T. E. Hobbs testified that he owned the ox in question, and that he and one Burke, who was with him, saw the defendant shoot said ox with a gun two or three times. Said Burke was introduced as a witness, and testified that while he was with Hobbs at the time and place named, he saw the defendant shoot the ox two or three times with a gun.

The witness Burke was asked if at a certain time and place before the trial, the defendant told one Hendrix that he (Burke) did not see the defendant shoot the ox, and did not know who did it. The witness Burke testified that he did not.

The defendant, as a witness in his own behalf, testified that he did not shoot the ox of Hobbs, as testified to by State's witnesses. During the examination of the defendant as a witness, he was asked the following question: "State what, if you know, at the time the ox got shot, his habits were as to breaking into and going in fields that were enclosed." The State objected to this evidence, whereupon the court said that he would sustain the objection, unless the question was limited for the purpose of showing the value of the ox. Upon the defendant's declining to so limit the question, the court sus-

tained the objection, and to this ruling of the court the defendant duly excepted.

The defendant introduced one Hendrix as a witness, who testified that in conversation with said Burke, who was the witness for the State, at the time and place specified in the question asked said Burke, the said Burke stated to him that he did not see the defendant shoot Hobbs' ox, and did not know who did it.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them, as asked: (1) "The court charges the jury that if there is from the evidence a reasonable probability of defendant's innocence, then this is a just foundation for a reasonable doubt, and would authorize an acquittal." (2) "The court charges the jury that if Burke made statements out of court in conflict with these in court, and if they believe this fact, then Burke is impeached." (3). "The court charges the jury that if they believe the evidence, they will find the defendant not guilty."

W. O. MULKEY, for appellant.—The first charge requested by the defendant should have been given.—*Bain r. State,* 74 Ala. 38; *Winslow v. State,* 76 Ala. 42; *Smith r. State,* 92 Ala. 30; *Croft r. State,* 95 Ala. 3; *Whitaker v. State,* 106 Ala. 5; *Churchwell v. State,* 117 Ala. 127.

MASSEY WILSON, Attorney-General, for the State.

TYSON, J.—We do not think the ruling of the court in sustaining objection to the question asked as to the habits of the ox "in breaking into and going in fields that were enclosed" was error. It calls for *prima facie* irrelevant evidence. It is only insisted that the evidence was material upon the question of his value. We are of the opinion that if such was his habit, that the jury would not have been authorized from this circumstance alone to have found that he was not as valuable if such had not been his habit.

The first written charge refused to the defendant would unquestionably have been proper, if the word

[Grant v. The State.]

"reasonable" had not been employed before the word "probability." Does the use of this word render it objectionable? We think not. "Probability is defined to be the state of being probable."—*Bain v. State,* 74 Ala. 39. To say that a state of facts have a probable existence, *ex vi termini,* implies that there is reason for the belief that they exist. If there is no reason for such belief there is no *probability* of their existence. In order to find that there is a probability of the existence of a fact, a reason for believing in the existence of such fact must be entertained. The employment of the word "reasonable" does not and can not affect the correctness of the charge. It is but a statement of what would have been implied from the word "probability" had it been used alone. The charge should have been given.

Charge 2 was properly refused. As hypothesized, the jury may have believed that Burke made statements in conflict with his testimony and, yet, not have discredited his testimony. They may have believed that he was swearing the truth notwithstanding their belief that he had made contradictory statements.

The 3rd charge, of course, should not have been given.

Reversed and remanded.