(115 So. 856)

**DUNCAN v. STATE.  (7 Div. 365.)**

Court of Appeals of Alabama.   March 20, 1928.

Longshore & Longshore, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Appellant was convicted of the offense of assault with intent to murder. It was alleged that he cut and shot one Marion White; the wounds inflicted being on White's side or back and in his foot.

The testimony on behalf of the state tended to show that appellant assaulted the injured party without provocation. That on behalf of appellant tended to the effect that the injured party was himself the aggressor. In this state of the case we think it was prejudicial error for the court to allow, over defendant's objection, the witness Gaylor to state that defendant "stuck his knife under several fellows' noses and told them to smell it." The objections to the questions calling for this testimony pointed out the fact that they were not predicated on the time of the difficulty, or any time so related thereto that the testimony called for could be said to be of things or matters of the res gestæ thereof. Without so predicating the testimony, it clearly appears that the evidence called for was immaterial and irrelevant. Madry v. State, 201 Ala. 512, 78 So. 866. And its admission no doubt tended to discredit with the jury appellant's story of the encounter.

The opinion in the recent case of Hyche v. State, 113 So. 644,[1] decided by this court, demonstrates that there was no error in allowing the state to introduce in evidence, in this case, the clothing worn by the injured party at the time of the difficulty with appellant.

The testimony of the witness H. B. Hill, admitted over appellant's objection, was, we hold, of matters and things composing the res gestæ of the fight between appellant and the injured party, White, and no error appears in admitting same.

The other exceptions reserved have each been examined, but in each instance they appear without merit.

[1] Ante, p. 176.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

