141 So. 257

## PROPHETT v. STATE.

### 5 Div. 872.

Court of Appeals of Alabama.
Jan. 19, 1932.

Rehearing Denied Feb. 9, 1932.

Oakley W. Melton, of Wetumpka, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

By assignment of error, counsel for appellant designate specifically the points of decision relied upon for a reversal of the judgment of conviction from which this appeal was taken. While the statute (section 3258, Code 1923) expressly provides that assignment of errors in criminal cases is not necessary, yet it is permissible, and we commend the practice as having the tendency to bring directly to the court's attention the grounds for a reversal insisted upon on appeal. This practice in no manner militates against a full consideration by the reviewing court of all questions apparent on the record or re-

served by bill of exceptions, as the law requires, though not assigned as error.

Assignments of error 1 to 6, inclusive, relate to the rulings of the court upon the admission and rejection of·evidence. Upon an examination of each of these rulings complained of no prejudicial error appears. There is nothing in any of these rulings that tended to injuriously affect the substantial rights of the accused. The insistences of error in these assignments cannot be sustained.

 Assignment of error 7 is based upon the action of the court in allowing the jury, which had been selected and impaneled to try this case, to separate pending the trial. We do not commend this practice; we regard it as being of very doubtful propriety in the trial of felony cases. However, in the instant case no objection by appellant was interposed, nor does the evidence in any way tend to ·show misconduct upon the part of any member of the jury, or that the substantial rights of the accused were impaired. On the contrary, from the evidence adduced on this question, it affirmatively appears otherwise, and from the evidence in this connection we are of· the opinion that the court was under no duty to set aside the verdict of the jury and grant the defendant's motion for a new trial. By the evidence, we are of the opinion that the state met the burden of showing that no abuse resulted to the accused from the separation of the jury. In instances. of this sort this burden rests upon the state. Davis v. State, 209 Ala. 409, 96 So. 187; Butler v. State, 72 Ala. 179.

Under the conflicting evidence in this case, the defendant was not entitled to the affirmative charge requested. There was direct evidence of several witnesses, tending to show the participation by this appellant in the commission of the offense complained of. While the major portion of the evidence on this point was given by the admitted accomplices, there was ample evidence in corroboration which tended to connect the defendant with the commission of the offense. The law is, that all persons concerned in the commission of a felony, whether they directly·commit the act constituting the offense, or aid or abet in its commission, are equally guilty, and must be indicted, tried, and punished as principals. There was evidence tending to show the voluntary confession of this appellant. Full and proper predicates were laid for the admission of the confessions. This evidence was not disputed by the accused, although he testified as a witness in his own behalf. There was also evidence of flight, and this the jury were authorized to consider in connection with the other evidence and also in corroboration of the testimony given by the accomplices.

Appellant complains of the verdict returned by the jury insisting that such verdict was contrary to the instructions of the court and was erroneous both in form and substance. The verdict of the jury was plain and unambiguous as to finding the defendant guilty of burglary. This is all that is necessary, and the attempt of the jury to fix the punishment and place of punishment was abortive, and their effort in this connection will be regarded as surplusage. Reversible error will not be rested upon this unauthorized effort of the jury as to the punishment and place of confinement. Glover v. State, 23 Ala. App. 81, 121 So. 2; Martin v. State, 125 Ala. 64, 28 So. 92; Chappell v. State, 19 Ala. App. 648, 100 So. 75; McDonald v. State, 118 Ala. 672, 23 So. 637.

Affirmed.