143 So. 239

## STOVER v. STATE.

### 8 Div. 462.

Court of Appeals of Alabama.
June 30, 1932.

Almon & Almon, of Florence, for appellant. Brief did not reach the Reporter.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The appellant, Annie Stover, a white woman and a housewife, fifty-one years of age, admittedly killed her brother-in-law Bela Kiss, by shooting him with a pistol. She was indicted by the grand jury at the March, 1931, term of court, for the offense of murder in the first degree, and upon arraignment interposed dual pleas of not guilty, and not guilty by reason of insanity. The trial resulted in her conviction for the offense of manslaughter in the first degree and the jury fixed her punishment at ten years' imprisonment in the penitentiary.

Upon the trial, the special plea of not guilty by reason of insanity appears to have been abandoned and no effort was made to sustain said plea, or offer evidence thereon.

The evidence for the state tended to show an unprovoked intentional killing of the deceased by appellant as a result of some minor controversy between them concerning a small quantity of hay which deceased had raised upon the lands of appellant and her husband. The details of the homicide being practically admitted upon the trial, we will refrain from reciting at length the evidence adduced in connection therewith. We will confine ourselves to a discussion of the several insistences of error presented, in the order of their presentation.

■ The court did not commit reversible error in overruling defendant's objection to the answer of state's witness Joe Hines to the following question: "What did the deceased do when you and he went up there?" (No objection interposed.) Answer: "Well, he spoke to Mr. Stover and he said 'Hi, Mike,' and I spoke to Mr. Stover and I said 'Mr. Stover, this man wants to get his wife's. * * *'" Here the defendant objected to the answer. The objection was overruled.

The court was correct in this ruling as the objection came too late. "Objections to evidence must be made when it is offered, and an objection to a question after it has been answered comes too late." Lewis v. State, 121 Ala. 1, 25 So. 1017; Alabama and Southern Digest, Criminal Law, ⊕693.

However, even if the testimony had been inadmissible and proper objection had been made thereto, the court, after the witness answered further, excluded same from the jury.

■ The court did not err in its rulings on the following matter as shown by the bill of exceptions, to wit: Q. "Did he say anything in the statement about whether he was going to die or not?" A. "He said, 'Mr. Hines—'" Here the defendant objected to any explanation on the part of the witness. The court overuled the objection and the defendant then and there duly excepted. He said, "Mr. Hines, you know it all," he says, "You tell it in court right when I am dead!" The defendant moved to exclude the above statement, which motion was overruled, and exception was reserved.

In view of the necessity of the laying of a predicate as to the wounded man's knowledge of impending death before his statement as to how the difficulty happened, the statement, "Mr. Hines, you tell it in court right when I am dead," was properly admitted, as it shows that he knew he was going to die, or was conscious of impending death. Sanders v. State, 2 Ala. App. 13, 56 So. 69; Gurley v. State, 216 Ala. 342, 113 So. 391.

■ The court properly sustained the solicitor's objection to the following question propounded state witness Hines on cross-examination by the defendant: "And she told you that old Bill was drunk or crazy and cussing her and she was afraid of him, and she wanted you to go down there and see if you could do something with him, didn't she."

The question related to a conversation between the witness and defendant on the morning of the shooting, and prior thereto. The statement was not part of the res gestæ and was properly disallowed.

"It was not error to exclude evidence as to conversations between defendant and a third person while going to the scene of the crime, wherein the third person suggested * * * going to see deceased about picking cotton for defendant." Ingram v. State, 13 Ala. App. 147, 69 So. 976, 977, certiorari denied Ex parte Ingram, 195 Ala. 695, 70 So. 1015; McQuire v. State, 3 Ala. App. 40, 58 So. 60, certiorari denied Ex parte McQuire, 177 Ala. 671, 58 So. 1037.

■ However, the case would not be reversed on this ground as the question was later answered by the witness.

"The error, if any, in excluding evidence, is cured by the subsequent admission thereof." Allsup v. State, 15 Ala. App. 121, 72 So. 599; Quinn v. State, 15 Ala. App. 635, 74 So. 743; King v. State, 16 Ala. App. 103, 75 So. 692, certiorari denied Ex parte King, 200 Ala. 698, 76 So. 996; Alabama and Southern Digest, Criminal Law, ⊕1170(3).

■■ The defendant objected to the following question asked state witness Hines on redirect examination, which objection was overruled: "Judge Almon before lunch asked you something Mr. Hines with reference to summoning witnesses. What was the occasion of your bringing witnesses names into the clerk?"

The court was correct in overruling the objection. On page 37 of the transcript at the bottom thereof is set out the questions propounded to the witness on cross-examination in regard to his giving the solicitor the names of witnesses. "State on redirect examination may examine witness as to matter injected into case on cross-examination." Jones v. State, 22 Ala. App. 141, 113 So. 478; Stamps v. Thomas, 7 Ala. App. 622, 62 So. 314. "Where a witness for the state was cross-examined extensively as to his interest in the prosecution, the court properly permitted the solicitor to ask him on redirect examination whether he appeared before the grand jury voluntarily, or in response to a subpoena." Moore v. State, 12 Ala. App. 243, 67 So. 789, headnote 1.

■■ Objection to the question propounded to state witness Bradley was properly overruled. The question was: "Now tell the jury

the full statement he made." The witness had testified that the wounded man, before making his statement, had expressed the belief that he was going to die. Thus a proper predicate for a dying declaration was laid. "Statements of deceased, shown to be made under sense of impending death, with reference to the shooting of himself by defendant, and showing that he answered questions intelligently, are admissible." Rogers v. State, 15 Ala. App. 148, 72 So. 689, certiorari denied Ex parte Rogers, 198 Ala. 694, 73 So. 1001. The testimony of state witness Wilson was likewise properly admitted.

The court properly sustained solicitor's objection to the questions hereinafter set out, which questions were directed to the defendant. "State whether or not you and your husband sent them five hundred dollars to come over here on his sons (?) and your sister." "Now state whether or not. How long did they live in Detroit?" These questions call for testimony clearly illegal and immaterial. We cannot conceive how this could have any bearing on the case. However, the testimony was later admitted; hence, if any error, it was cured. Allsup v. State, supra.

■ The defendant testified that she and the deceased had had some previous difficulty. She was then asked the following question: "Now what was that trouble about?" The court properly sustained the solicitor's objection as the question called for the details of a former difficulty which are not admissible. "In a prosecution for homicide, only the fact, and not the details, of a former difficulty between decedent and accused is admissible." Moss v. State, 190 Ala. 14, 67 So. 431; Fleming v. State, 150 Ala. 19, 43 So. 219; Allsup v. State, 15 Ala. App. 121, 72 So. 599.

■ The court properly sustained the solicitor's objection to the following question propounded to defendant: "Now what did you tell Mr. Patterson?" This question called for a statement made by the defendant to a third person several hours prior to the difficulty and was in the nature of a self-serving declaration which is inadmissible. Maddox v. State, 159 Ala. 53, 48 So. 689; Jones v. State, 181 Ala. 63, 61 So. 434; Turner v. State, 160 Ala. 40, 49 So. 828; Donald v. State, 12 Ala. App. 61, 67 So. 624. Likewise the court was correct in its ruling as set out on top of page 49 of the transcript and on bottom of page 51 thereof, both calling for self-serving declarations. Morgan v. State, 20 Ala. App. 331, 102 So. 236, certiorari denied Ex parte Morgan, 212 Ala. 175, 102 So. 238.

The court properly sustained solicitor's objection to the question: "You stated that you did and your husband would stand good to the Government for them if they would extend their time to stay here." However, the testimony was already in, hence the ruling of the court was without injury to the defendant, even had the testimony sought to be elicited been relevant and material.

The letter whch is set out on page 53 of the transcript had no possible connection with the facts surrounding the homicide, and the court correctly refused to allow it to be introduced in evidence.

Likewise the state objection to the following question was properly sustained: "Did you all take up with the government or try to get a passport for him and your sister to leave here and go to Canada?"

The above question called for testimony wholly foreign to any issue involved in this case. However, the witness later testified to that effect.

The refused charges have been carefully examined; we find them fairly and substantially covered by the court's oral charge and by written charges given.

All questions presented have been examined and considered. We find no error in any ruling of the court of a reversible nature, as in each instance the substantial rights of the accused appear to have been carefully safeguarded by the court. There being no reversible error, the judgment of conviction appealed from will stand affirmed.

Affirmed.