189 So. 792

### WHITE et al. v. STATE.

#### 8 Div. 763.

Court of Appeals of Alabama.

April 18, 1939.

Rehearing Denied June 6, 1939.

Henry D. Jones, of Florence, for appellants.

Thos. S. Lawson, Atty. Gen., and Edw. B. Crosland, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellants were jointly indicted, jointly tried, and each convicted, for and of the offense of assault with the intent to murder one William Underwood.

The punishment of Ennis Summerford was fixed at imprisonment in the penitentiary for an indeterminate sentence of two years, minimum, and three years, maximum; that for Porter White and that for George Steele was fixed, likewise, at five years, minimum, and six years, maximum. They jointly appeal.

The three appellants and Underwood, the assaulted party—or, that is, the man the *jury* found to be the assaulted party, appellants claiming that Underwood did the assaulting—got together and procured three gallons of whiskey. The *locale* was in a rather remote, and apparently backward, part of the county—as we gather, up on a mountain. The four men involved, after procuring the whiskey, and after, it seems, drinking freely of same—all, we believe, becoming drunk—got into a fight, with Underwood on one side and the three appellants on the other.

Exactly what happened we believe impossible of ascertainment, from the mass of conflicting testimony given at the trial.

From a reading of it—and, so far as we can see, we would have been in no better case had we *heard* it—the only conclusion we can reach, certainly, is that the situation shown presents abundant food for thought for our most experienced Sociologists.

None but a jury, as we are persuaded, could even approximate justice by a finding of fact as to what actually occurred.

Sufficient, here, to say that there was ample evidence to support the finding of the jury; as there would have been to support some other finding they *could* have made.

While a number of *objections* were made, upon the taking of testimony, but one or two *exceptions* were reserved. And of course without the reservation of an *exception* there is nothing presented to us in that regard for review. Dowling v. State, 151 Ala. 131, 44 So. 403.

The exceptions shown by the bill of exceptions were, obviously, to rulings infected with no error prejudicial to appellants.

As we have recently said in the case of Hughey Frederick v. State, 188 So. 272,[1] we repeat, here: "The record appears regular in all respects. A decision of the questions apparent merely 'reaffirm previous decisions,' or 'relate[s] to questions of fact only.' Nothing further will be written." See Code 1923, § 10336.

The judgments are affirmed.

Affirmed.

---

[1] Ante, p. 494.