25 So.2d 390

## GIPSON v. STATE.

4 Div. 866.

Court of Appeals of Alabama.

Jan. 15, 1946.

Rehearing Denied Jan. 22, 1946.

Alto V. Lee, III, and Jas. L. Tindell, both of Dothan, for appellant.

260

Wm. N. McQueen, Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The evidence in this case shows without dispute or conflict that Eugene Smith, the deceased named in the indictment, came to his death by having been cut with a knife.

The indictment charged this appellant (defendant) with having unlawfully and with malice aforethought killed him by cutting him with a knife, but without premeditation or deliberation (murder in the second degree).

The trial below resulted in the conviction of the defendant for the offense of manslaughter in the first degree. His punishment was fixed at imprisonment in the penitentiary for ten years. Judgment of conviction was duly pronounced and entered, from which this appeal was taken.

■ The defendant testified in his own behalf and denied that he was the person who inflicted the fatal blow. A careful consideration of all the evidence adduced upon the trial convinces this court that it was sufficient to carry the case to the jury. Therefore, there was no error in refusing to defendant the general affirmative charge, which appears, from the record, to have been the only special written charge requested.

As we construe the existences of able counsel for appellant, but two propositions are presented on this appeal to reverse the judgment of conviction.

■ The first point is based upon the alleged separation of the jury. As to this, the record discloses that the able and experienced trial judge went into the matter thoroughly, heard and considered testimony of witnesses ore tenus, and numerous affidavits. Where this is true every presumption will be indulged in favor of his finding.

Upon the hearing of the motion to set aside the verdict on the grounds that the jury were allowed to separate, it appeared without dispute that one of the jurors, one Noah Jones, through misunderstanding of the court's instructions that the jury be kept together, absented himself for a few min-

utes from the main body of the jury. His sworn statement as to this is as follows:

"State of Alabama
"Dale County

"Before me, the undersigned authority, personally appeared Noah Z. Jones, who, being duly sworn, deposes and says:

"That he was on the jury at the February,1944, Term of the Circuit Court of Dale County, Alabama, when the case of The State of Alabama vs. Johnnie Gipson, alias Pat Gipson, alias Tebrun Gipson, was tried, and he was one of the jurors who tried this particular case;

"That the defendant Johnnie Gipson was tried for the offense of murder in the second degree, was found guilty of manslaughter in the first degree and sentenced to imprisonment in the penitentiary for ten years;

"That the case was not submitted to the jury before the noon or lunch hour recess; that, when the hour arrived for this recess, the Presiding Judge, J. S. Williams instructed the jury not to discuss the case among themselves nor allow anyone else to discuss the case with them; he then told us to return at a certain hour, I think it was 1:30 we were to return; he then got out of the jury box, walked down the stairs of the court room, and just across the street to a cafe; that no one talked with him, mentioned the case to him in any way, and he did not mention the case to anyone; that this was a period of not over ten minutes and after he had gotten to the cafe, looked in, and stood there for a minute or two, the sheriff, Homer Jones, then came up and told him the jury was in the courthouse; that as they walked back towards the courtroom, he saw the other juror, with the deputy sheriff, coming towards the cafe; he then joined them and stayed with them until after the verdict was reached and the jury discharged;

"That, during the few minutes he was separated from the other jurors, he knows that no improper influence was used on him in any shape or form that in anywise influenced him in his deliberations and the deliberations of the other jurors in this case;

"That he knows that none of defendant's rights were affected by his misunderstanding of the judge's instructions and the custom in these cases. He was not away over ten minutes, and during this time, nothing was said or done that would influence him any way whatsoever.

"Noah Z. Jones.
"Sworn to and subscribed before me this the 30th day of March, 1944.
"Thelma Martin
"Notary Public, Dale County, Ala."

All the other evidence upon this inquiry was of the same import, and no testimony to the contrary appeared.

■ It is the law that when the defendant has shown that the jury separated pending the trial, the burden is cast upon the state to affirmatively show that no injury resulted. This is a question primarily for the trial judge, who has all the parties before him and is in a better position to judge than this court. Every presumption will be indulged in favor of his finding, especially where a part of the testimony is taken ore tenus.

■■ If it appears that the defendant was not injured by the separation of the jury, this court will not reverse the trial judge for failure to grant a new trial on that ground. Melton v. State, 26 Ala.App. 265, 158 So. 196; Payne v. State, 226 Ala. 69, 145 So. 650; Cobb v. State, 18 Ala.App. 556, 93 So. 225; Williams v. State, 26 Ala. App. 531, 163 So. 663. Th: court is in full accord with the ruling of the trial court on the hearing of this motion, hence the insistence of error cannot be sustained.

■ The remaining point insisted upon, is that the court erred in not allowing defendant to impeach the witness, Claudine Smith, wife of the deceased. Appellant undertook to show that this witness made a statement on the night of the killing to the effect that neither she nor the appellant killed her husband. This witness did not testify that the appellant killed her husband, or even engaged in a fight with him; nor did she testify that she killed the deceased. We are of the opinion that the Attorney General is correct in insisting that what she may have stated on that occasion, in view of her testimony, was clearly immaterial and that a witness may not be impeached on an immaterial issue. In our opinion the testimony of the impeaching witness, had it been permitted, would have been hearsay evidence and, therefore, inadmissible. The State insists also "if the court was in error in refusing such testimony in view of the testimony given by this witness, such error was clearly without injury to the appellant." To this we are in accord.

No error of a reversible nature appearing, it follows that the judgment of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.