50 So.2d 282

### JACKSON v. STATE.
3 Div. 927.

Court of Appeals of Alabama.
Jan. 23, 1951.

H. C. Rankin, of Brewton, for appellant.

544

A. A. Carmichael, Atty. Gen., and Geo. Cameron, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was convicted of murder in the second degree and sentenced to twenty years in the State penitentiary. Admittedly he killed Loyce Copeland by shooting him with a pistol.

The killing was the outgrowth of quarrels and fights in which the appellant, deceased, and several others participated. It occurred at a roadside place where beer was sold.

The evidence sustains the conclusion that excessive consumption of intoxicating liquors played its part in the unfortunate affair. In this particular it seems that the deceased, his brother, and uncle were the most culpable.

The appellant claimed self defense. The evidence in this aspect is in irreconcilable conflict. The testimony of the State's witnesses was ample in every respect to sustain the verdict. In fact, it tended strongly to establish that the accused was the aggressor in the affray in which he shot Copeland.

Unquestionably the general affirmative charge was properly refused to the defendant; and the lower court was free from error in concluding that the verdict was not contrary to the great weight of the evi-

dence and overruling the motion for a new trial on this ground.

Appellant's counsel has favored us with a very complete, comprehensive, and well prepared brief. In it he posed twenty "points of error" as a basis upon which he urges that a reversal of the judgment below should be ordered. Our study of the record convinces us that these cover all matters of critical concern.

Several of these questions are not properly presented for our review. We will not laden this opinion with specific analysis.

In some instances objections came after answers to questions. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Smith v. State, 16 Ala.App. 546, 79 So. 802.

In other instances after the court ruled no exceptions were reserved. Gray v. State, 30 Ala.App. 190, 6 So.2d 901; White v. State, 28 Ala.App. 544, 189 So. 792.

There was no answer to one of the questions to which objections were interposed. Kelley v. State, supra; Woodard v. State, 253 Ala. 259, 44 So.2d 241.

The appellant, deceased, and others were at the roadside place about the middle of the afternoon. At this time quarrels, misunderstandings, and near-fights transpired among members of the group. Loyce Copeland, his brother, and his uncle left, and soon thereafter the appellant, his wife, and another person went away also. A few hours later when the appellant and party came back they found the deceased and his kinsmen had preceded them back to the place. At this time the fuss was immediately renewed and the killing followed forthwith.

Appellant's counsel attempted to prove the details of occurrences which transpired at the first indicated gathering. The court declared that he would allow in evidence any threats that the deceased might have made against the appellant, but disallowed the manager and owner of the place to answer these questions: "Then what happened?" "Did you try to get them to leave?" "Did you put them in the truck?" "Did they leave?" "Did you try to arrest them?" Reference is here made to the Copelands.

The evidence clearly shows that it was not a continuous difficulty from its inception in the middle of the afternoon until the shooting and resultant homicide at about 7 or 8 o'clock that night.

The questions copied above called for answers which related to the details of a former difficulty. Stover v. State, 25 Ala. App. 222, 143 So. 239; Wright v. State, 252 Ala. 46, 39 So.2d 395.

Effort was made also by appellant's counsel to prove what the Copelands did at the place of the homicide after they returned and before the appellant and kinsmen arrived the second time. Again the court advised counsel that he would allow proof of any threats against the appellant, but disallowed answers to these questions: "Did the Copelands—state what they did and said after they got back the second time prior to the killing" and "I will ask what their conduct was."

The time here involved was before the appellant came back to the scene of the killing and the inquiry did not relate to evidence of the res gestae. Duncan v. State, 22 Ala.App. 382, 115 So. 856; Jones v. State, 17 Ala.App. 394, 85 So. 830.

The trial judge admonished appellant's counsel to refrain from asking questions which called for a repetition of testimony. Exceptions were reserved to this action and the statement of admonition. We do not think that the court unduly restricted the testimony in this particular or that his statement injuriously affected the rights of the accused.

Soon after the homicide appellant's wife made a statement to the investigating officers. This was reduced to writing and signed by her. While testifying at the trial below Mrs. Jackson admitted signing the statement, but she denied making several assertions which the solicitor read to her as excerpts from the signed statement. Over general objections the court allowed the State to introduce the statement in its entirety.

In approaching a review of this matter, we will apply the rule which provides that only grounds posed in an objection will be considered and those omitted will be deemed waived. Harbin v. State, 15 Ala.App. 57, 72 So. 594.

It is axiomatic that a witness may be impeached by showing prior statements which are at variance with those deposed at the trial of the cause. The adopted procedure is to lay a predicate to the witness and, if the prior contradictory statement is denied, proof may be made that the witness did make the previous assertion. Bridges v. State, 225 Ala. 81, 142 So. 56; People's Shoe Co. v. Skally, 196 Ala. 349, 71 So. 719.

In the instant case there were certain portions of the written instrument which were subject to this rule. Over general objections we will not predicate error on the action of the court in allowing the introduction of the entire statement. Haney v. State, 20 Ala.App. 236, 101 So. 533; Hardwick v. State, 26 Ala.App. 536, 164 So. 107; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Jackson v. State, 31 Ala.App. 212, 14 So.2d 593.

On cross examination of some of the appellant's character witnesses, the solicitor was permitted to ask this question: "Did you ever hear about him (appellant) pleading guilty to stealing chickens from a colored woman?"

This did not violate the rule which the appellate courts have often followed. A discussion of this doctrine may be found in Mullins v. State, 31 Ala.App. 571, 19 So.2d 845.

This aside, each of the witnesses answered the question in the negative, and this reply removed any possible injury to the rights of the accused. Helms v. State, Ala. Sup., 47 So.2d 276.

Mrs. Jackson testified at length concerning what transpired at the time the officers were questioning her and preparing the indicated statement which she signed. In effect, she charged that the officers pressed her for answers when she was very nervous and excited, and she was not altogether clear about what did, in fact, occur.

She intimated that the officers were unfair to her during this interview.

In this state of the record we hold that it was not error for the court in rebuttal to allow a witness to answer this question in the affirmative: "He (the officer) explained to her that she didn't have to make a statement?"

One ground posed in the motion for a new trial is newly discovered evidence.

At the hearing of the motion counsel for appellant attempted to introduce evidence apparently to support this ground of the motion. There was no proof of "due diligence" as the rule requires. 7 Alabama Digest, Criminal Law, ⚖939(1).

In the absence of this proof the court was authorized to sustain the State's objection to the introduction of testimony in the nature of newly discovered evidence.

In an effort to sustain another ground of the motion for a new trial, the appellant introduced this affidavit:

"Escambia County
State of Alabama

"Before me, the undersigned authority in and for said County, in said State, personally appeared James E. Coogle, who being known to me and who being first duly sworn, depose (sic) and says as follows:

"I was appointed and served as bailiff at the Fall Criminal term of the Circuit Court of Escambia County, Alabama. I was present and on duty during the trial of Thomas Jackson, charged with the murder of one Loyce Copeland. The trial was held in the Courthouse at Brewton, Alabama, on November 2, 1949. During the progress of the trial, and when the court recessed for lunch, I accompanied the trial jury, as baliff (sic) in charge to Speaker's Restaurant in Brewton, Alabama, where they had lunch. After we had entered the restaurant, one of the jurors asked if he might use the telephone or stated that he was going to use the telephone and talk to his wife. Thereupon, he went into the telephone booth, inside the building, and remained there a brief time. In the meantime the other eleven members of the jury and I went to the tables in the rear end of

the dining room of the Cafe and began to order our lunch. This juror who had talked over the telephone came by where we were sitting and went through the partition doorway leading from the dining room to the kitchen. In about ten minutes this juror came back into the dining room and joined the balance of the jurors and the twelve, and I, had our lunch. When lunch was over we started back to the courthouse and one of the jurors expressed a desire to go to the Citizens Bank, which is on the opposite side of the street from the Cafe. We all, the twelve jurors and I, walked across from the cafe side to the bank side of the street. The rest of us waited in front of the Citizens Bank building while this juror went inside and remained about one or two minutes and then came out of the bank and rejoined the balance of us. We then walked on to the courthouse and the jurors took their places in the jury box upon the resumption of the trial..

    "JAMES E. COOGLE

"Sworn to and subscribed before me on this the 4th day of April, 1950.

 "M. W. Franklin,

 "Notary Public".

Assuming, but not deciding, that the facts stated therein constituted an unauthorized separation of the jury and enforced the burden on the State to show that no injury inured to the rights of the accused, we hold that the State fully and adequately met this burden.

The two jurors who absented themselves as indicated were examined by the solicitor after the introduction of the affidavit. Their testimony removes all doubt that the appellant was in any manner deprived of a fair trial by the incidents. Williams v. State, 26 Ala.App. 531, 163 So. 663; Melton v. State, 26 Ala.App. 265, 158 So. 196; Prophett v. State, 25 Ala.App. 20, 141 So. 257; Flanigan v. State, 247 Ala. 642, 25 So.2d 685; Gipson v. State, 32 Ala. App. 259, 25 So.2d 390.

We do not find any reversible error in the record. The judgment of the court below is ordered affirmed.

Affirmed.