69 So.2d 485

## LYNN v. STATE.

### 6 Div. 787.

Court of Appeals of Alabama.

Jan. 5, 1954.

Reuben L. Newton, Jasper, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

**HARWOOD, Judge.**

This appellant was indicted for murder in the second degree.

Upon his trial, issue being upon a general plea of not guilty, the jury returned a verdict of guilty of manslaughter in the first degree, punishment being fixed at imprisonment in the penitentiary for a term of five years.

The court entered judgment pursuant to the verdict.

The appellant's motion for a new trial being overruled an appeal to this court was perfected.

The evidence presented by the State tended to show that the deceased was mortally wounded by a shotgun. The shooting took place in the home of the appellant where he resided with his father and mother.

The appellant, after his arrest, made a statement to law enforcement officers as to the killing.

After proper predicate the statement was testified to by State witnesses to have been substantially as follows: That the sister of the appellant, after a difficulty with her husband, the deceased, had come to appellant's home, also being the home of her parents, the night before the shooting. The next morning the appellant and his mother were at a well, the appellant being down in the well dipping out water. The mother observed the deceased approaching and informed the appellant who came up out of the well. The deceased was drunk, and cursing. All three went into the house. Deceased's wife was in the house. The deceased continued his cursing and made threats against his mother-in-law and his wife. Upon being told to leave the deceased stated he came "to raise hell or to get hell." At this time the deceased and the two women were in one room and the appellant was in an adjoining room, the door between the two rooms being open. The deceased was sitting in a chair. Then, according to Mr. Porter White, Coroner for Walker County, the appellant stated:

"He said that there was a chair by the fireplace, and that Garnzie Lawson was sitting in this chair, and he said that he got up out of the chair and came toward him where he was in the other room, and he said this gun was setting just on the inside of the door in the room where he was. I asked him did Lawson say anything to him or make any move or have any weapon, and he said, 'No,' that he didn't say a word to him, but he said he taken that gun from the side of the door and 'let him have it.' "

The evidence for the defense was directed toward justifying the actions of the appellant by reason of self-defense.

Mrs. Ida Lawson, wife of the deceased and sister of the appellant, Mrs. Emma Lynn, his mother, and the appellant were the principal witnesses presented in appellant's behalf.

The tendency of their testimony was to the effect that after threatening and cursing the two women the deceased sat in a chair in the room in which they were. He then

arose and "lunged" toward the appellant who was in the adjoining room. The appellant told him not to advance further, and when the deceased continued his advance, with a fist raised, the appellant grabbed up a shotgun leaning nearby and shot deceased when he was about six feet away.

According to the appellant the deceased had a ghastly look on his face, and "looked like the old booger-man" as he advanced on him.

All of the witnesses testified that the deceased had no weapon in his hands nor about his person at the time he was shot.

■ We think it clear that under the evidence solely a jury question was presented as to whether the appellant was justified in his conduct on the grounds of self-defense, particularly as to whether he was in danger of great bodily harm, real or apparent, at the time he fired the fatal shot. Certainly no basis for disturbing the jury's evident conclusions in this regard is apparent in the evidence.

The court therefore did not err in denying appellant's requested affirmative charge as to manslaughter in the first degree.

During the cross-examination of Mrs. Ida Lawson she was questioned as to whether she had not told Mrs. Belle Parrish on the day her husband was shot, while on the porch of the Short Funeral Home, that the appellant "didn't have to kill him, there hadn't been a word passed between him and Garnzie," and further that she was going home and tell all the Lynns she hoped they were satisfied, that they "had killed him just like they wanted to." Mrs. Lawson was also questioned as to further statements she had made to Mrs. Parrish on this occasion.

She either denied making such statements, or stated she did not remember making them.

In rebuttal the State presented Mrs. Parrish who testified that Mrs. Lawson had made the statements in the terms of the predicate as laid.

■ We pretermit any consideration of the materiality of the above mentioned impeaching evidence to the issues of this case inasmuch as no ground of objection was directed toward such defect, if any, in this aspect.

■■ Where a witness denies making a prior statement material to the issues, and such statement is at variance with his testimony in the trial, proof may be made that the witness did make the previous assertion. Jackson v. State, 35 Ala.App. 542, 50 So.2d 282. Such evidence is ineffective as proof of any facts to which it related, but is admissible solely to impeach the witness, in that it goes to show that the witness either has forgotten what he once knew, or willfully misstated facts either in the prior statement or in the trial. Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837.

■ In connection with the use of Mrs. Parrish as a witness, it further appears that Mrs. Parrish had been subpoenaed as a witness by the State. At the beginning of the trial the clerk began to call the names of the State's witnesses, but was interrupted and the call of the State's witnesses was then taken over by the Solicitor. The clerk did not know whether he had called the name of Mrs. Parrish or not. The Solicitor testified he did not call the name of Mrs. Parrish. Mrs. Parrish testified that her name was not called as a witness. She did not leave the courtroom when all witnesses were placed under rule.

The defense objected to Mrs. Parrish being used as a witness because she had been in the courtroom during the entire trial, although the rule had been invoked.

This objection was overruled, and this ruling is one of the points asserted as error by counsel for appellant.

This matter was in the discretion of the trial court and no error will be predicated thereon. Stephens v. State, 250 Ala. 123, 33 So.2d 245, and cases therein cited.

■ The appellant's requested refused charges were refused without error, in that such charges were affirmative in nature and

properly refused under the developed evidence, or were abstract, or were covered by the very adequate oral instructions given by the court to the jury.

Affirmed.