123 So.2d 186

**Luther LACKEY**

**v.**

**STATE.**

**8 Div. 668.**

Court of Appeals of Alabama.

June 30, 1960.

Rehearing Denied Aug. 16, 1960.

Pilcher & Floyd, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

**48**

PRICE, Judge.

The appellant was indicted for and convicted of assault with intent to murder.

The evidence presented by the state tend-.ed to show that defendant and Jesse Lackey, the alleged assaulted party, were brothers. Jesse Lackey had died before the date of trial.

It was the theory of the state that ill feeling existed between defendant and Jesse Lackey on account of the provisions of the last will and testament of their late father. Defendant testified he had unsuccessfully contested his father's will.

Mrs. Mae Lackey testified her husband, Jesse Lackey, was operating a mercantile establishment in Boaz, Alabama, on November 22, 1958, and that she worked in the store. When she and her husband returned to the store after lunch the defendant was standing at a counter near the cash register toward the front of the store; that as they started in the store defendant turned and walked toward the back of the building, and called to Jesse to come back there. Jesse and Luther entered into a conversation and Jesse told Luther to go home, as he was drinking; that witness started to where they were standing and she saw her husband and the defendant struggling over a .22 caliber rifle. The gun, which Luther was holding, was pointed toward Jesse, and Jesse was pushing the gun barrel upward; that the gun fired while it was in that position. After the gun fired witness helped her hus-

band hold defendant until a policeman came and arrested him.

Roxie and Zone Thomas, employees of the Lackey store, testified that when defendant first came into the store he had an argument with Roxie Thomas concerning his father's will. Both of these witnesses testified the gun fired while Jesse and Luther were wrestling over it between the shoe cabinet and the back of the store, and that Jesse was pushing the barrel upward at the time it fired.

T. A. Hammock, a police officer for the town of Boaz, testified he arrested defendant and as he was taking him to jail defendant stated he went to the store to kill his brother, and "said he was going to kill him and said if he got out that evening or any time that he was going to kill him. It wasn't intended for him to live and to take the real estate that his father and mother had left for them. It wasn't right for Mr. Jesse to take it away from them."

The next day this witness and other officers found a bullet in the heel of a new shoe in a rack five feet above the floor some six feet from where he saw Jesse holding Luther down.

L. P. Dickson, Sheriff of Marshall County, testified that on the day following the altercation he saw a slug from a .22 caliber rifle lodged in the heel of a new shoe which was in a box.

Defendant, testifying in his own behalf, stated he went to. the store at his brother's request. He gave as his reason for having his rifle that he had an engagement to go hunting with one Freeman White. When he entered the store he placed the gun near the heater, 30 feet from the back of the store. He walked to the front, talked briefly with Roxie Thomas, and learning that Jesse was out, started to the back for his gun; that as he picked up the gun Jesse grabbed him from behind and pushed him toward the counter and Mae came up and took hold of his hands. While Jesse and Mae were holding him someone called the

officers. Defendant denied that he told the policeman, or anyone else, that he went to the store with the intention of killing Jesse. He further testified that the gun did not go off during the struggle.

Freeman White testified he had made a date with defendant to go hunting that afternoon, and that he had asked defendant to bring his gun and meet him at a service station near the store.

■ The evidence presented questions for the determination of the jury, and was sufficient, if believed to the required degree, to support the verdict. There was no error in the court's refusal of the requested affirmative charge, nor in the denial of the motion for a new trial on the ground of the insufficiency of the evidence to sustain the conviction.

■ It is insisted by defendant that the action of the trial court in refusing the motion for a new trial on the ground of newly discovered evidence constituted reversible error. The evidence offered consisted of affidavits made by Virginia Prichett and her mother, Mattie Nail. Both witnesses stated they were in the store at the time of the difficulty between Luther and Jesse Lackey, Virginia Pritchett swore that defendant called to Jesse from the back of the store, saying: "Come here, I want to talk with you." Jesse Lackey and his wife walked to where the defendant was standing near the stove and entered into conversation with him. The pertinent portions of her deposition are as follows: "Shortly thereafter Luther picked up the gun by the side of the show case and I never saw him point the gun at anyone. The gun was pointed up and toward the front. Luther turned around and Jesse Lackey grabbed Luther from behind and around the neck before the gun fired. I believe the gun fired after Jesse Lackey grabbed Luther. I do know that the gun was up and pointed toward the front of the store when it fired. It was not pointed at anyone." She further stated that the scuffle took place between the shoe racks and the front of the store and

the gun fired toward the front, and not back toward the shoe racks.

In her affidavit Mrs. Mattie Nail stated she was talking with Mrs. Roxie Thomas at the front of the store when the gun fired. She further deposed: "I did not see what happened but immediately as the gun fired, I looked toward the stove and saw that Jesse Lackey had Luther Lackey from behind and around the neck. Mrs. Lackey was also holding Luther. They held Luther until the policeman came. * * * the shoe racks in the store were between where the scuffle took place and the back of the store."

■ A motion for a new trial on the ground of newly discovered evidence is addressed largely to the trial court's sound discretion, and its decision will not be revised on appeal unless it clearly appears that such discretion has been abused. Hodge v. State, 32 Ala.App. 283, 26 So.2d 274. Washington v. State, 259 Ala. 104, 65 So.2d 704.

■ To warrant a new trial on the ground of newly discovered evidence it must be made to appear that the evidence could not have been discovered before the trial by the exercise of reasonable diligence; that it is such as will probably change the result if a new trial is granted; that it is material to the issue; that it is not merely impeaching or cumulative. Hodge v. State, supra.

The evidence offered in support of the motion did not, we think, bring defendant within the above rule. It was alleged but no proof was offered tending to show that the evidence was unknown to defendant and could not have been discovered before the trial by the exercise of due diligence. Furthermore, the evidence was merely corroborative of that of the defendant, except that it contradicted his testimony as to the firing of the gun and tended to corroborate the statements of the state's witnesses that defendant called Jesse Lackey to come to where he was standing. We are of opinion the result of the trial would probably not have been different if such evidence had

been produced and admitted at the trial. We cannot accord merit to defendant's contention that such evidence was sufficient to probably change the result of the trial because it tended to show that the position of the defendant and the direction in which the gun pointed made it impossible for the bullet to have pierced the shoe. The court committed no error in overruling the motion for a new trial.

■ Appellant urges that his confession made to T. A. Hammock was improperly admitted into evidence, because it was not a part of the res gestae and no predicate was laid for its admission. The officer testified when he reached the store Jesse Lackey was holding defendant over a counter; that Jesse told him defendant had tried to kill him and asked him to take him and lock him up; that he took defendant out of the store immediately and proceeded to the city jail with him and the statements were made while en route to the jail. We think the statements were properly received in evidence under the rule that statements made by accused at the time he was arrested are admissible as part of the res gestae, "where the arrest was made or attempted shortly after the commission of the offense and the acts or statements were done or made while the mind was still acting under the exciting cause of the occurrence." 22 C.J.S. Criminal Law § 667; Tillison v. State, 248 Ala. 199, 27 So.2d 43. Moreover, the voluntary character of the statements was shown before they were admitted into evidence. The witness stated that only he and defendant were present and no reward or inducement was offered and no threats were made. Henly v. State, 21 Ala.App. 259, 107 So. 801. The record further shows that objection was not interposed until after the witness had stated the following: "A. The words to my recollection that he told me that he went to the store to, with the intention to kill his brother Jesse." The only ground of objection interposed was, "That's a conclusion of the witness." An objection made after the witness has answered the question comes too late. See Ala.Dig. Criminal Law, ☞693, for numerous cases. An objection to evidence on a specified ground waives all other grounds. Jackson v. State, 35 Ala.App. 542, 50 So.2d 282. The evidence was not subject to the ground of objection interposed and such ground was insufficient to raise the contention that the statement was not part of the res gestae and that it was not shown to have been voluntary. The confession was properly admitted.

■ Appellant argues the court erred in permitting the solicitor in the presence of the jury and the witness, L. P. Dickson, to remove the heel of the shoe and take out a mass of lead, which the witness Dickson testified in his opinion was a bullet from a .22 caliber shell. Appellant contends that such demonstration did not tend to prove or disprove any disputed or material issue in the cause, did not illustrate a relevant fact, or corroborate or disprove other evidence offered or to be offered, but that its sole purpose was to inflame the minds of the jury.

"As a general rule, articles, including those found at the scene of the crime, which are properly identified and which tend to show the commission of the crime or the manner in which it was committed, or to elucidate some matter in issue, are admissible in evidence for inspection and observation by the jury." 22 C.J.S. Criminal Law § 709, p. 1203.

■ It is our opinion there was no error in allowing the heel of the shoe, identified by the sheriff as one picked up by him in the Lackey store the day following the difficulty, to be removed in the presence of the jury, so as to expose to the jury's view a bullet of the caliber of the rifle with which defendant admitted he was armed it being for the jury to consider, along with the other evidence, as to whether or not the gun was fired.

We find no reversible error in the record. The judgment of the trial court is affirmed.

Affirmed.