167 So.2d 142

**James Charlie HALLMAN**

v.

**STATE.**

**7 Div. 718.**

Court of Appeals of Alabama.

May 26, 1964.

Rehearing Denied June 30, 1964.

Huel M. Love, Talladega, for appellant.

Richmond M. Flowers, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant was tried and convicted on a charge of rape. His punishment was fixed at imprisonment in the penitentiary for fifteen years.

It would serve no useful purpose to set out the details of the alleged crime. There was evidence from which the jury could infer that the prosecutrix was raped. The defendant admitted he had sexual intercourse with the prosecutrix at the time and place in question, but testified it was with her full consent and no force was used. Suffice it to say that a jury question was presented as to the guilt or innocence of the defendant and the evidence was sufficient to sustain the conviction.

The court therefore did not err in refusing defendant's request for charges affirmative in nature, nor in denying his motion for a new trial on grounds questioning the sufficiency of the evidence to support the verdict.

The appellant urges that the trial court erred in overruling his motion for a new trial because of previously expressed opinions of defendant's guilt by a juror, Y. Z. Dale.

At the hearing on the motion, one Donald Sherbutt testified he and Dale worked the same shift at Coosa River Newsprint on a night in early November; that Sherbutt told Dale he had heard defendant had raped the woman in question and committed other indecencies to her person, and Dale had replied that "a son-of-a-bitch that would do that ought to be hung"; that he was in the courtroom during the trial and saw Dale serving as a juror in the case; that the next morning after the jury had returned its verdict finding the defendant guilty witness saw Dale at his place of employment and he asked Dale what punishment had been given defendant. Dale told him defendant was given fifteen years, but if it had been left to him, he would have been given life imprisonment.

Mr. Dale testified he did not know defendant prior to the trial; that so far as he knew Sherbutt had not told him of the alleged rape; and he denied having made either of the statements attributed to him by Sherbutt.

Under this evidence the trial court did not abuse its discretion in denying the motion for a new trial. Hawkins v. State, 29 Ala.App. 221, 195 So. 762, cert. den. 239 Ala. 532, 195 So. 765.

■ The evidence taken on the motion showed that when the court recessed the first day of the trial some members of the jury moved their automobiles closer to the courthouse for safekeeping. Each of the jurors testified he was accompanied by a deputy sheriff, was gone only a short time, and no one spoke or attempted to speak to him about the case. In most instances each was in sight of the other jurors. The testimony of the deputy sheriffs was of the same import.

The testimony further showed that on one occasion a juror was granted permission to go to a doctor's office for treatment of his eye. The doctor's office was small and one of the bailiffs in attendance upon the jury went with the ailing juror while the main body remained with another bailiff at the foot of the stairway leading to the doctor's office. The juror was away from the others less than ten minutes, during which time no one spoke to any member about the case and it was not discussed among the jurors themselves.

It is stipulated between the solicitor and the attorney for defendant that on Monday, the first day of the trial, the trial judge instructed the jury in open court in the presence of the defendant and his counsel that it was apparent that the trial could not be completed that day, and, since the jury must remain together, they would be permitted to call home to explain their whereabouts. Such calls were to be made while the jury remained together and under the supervision of the bailiff in charge of the jury. This instruction was not specifical-

ly restricted to Monday nor specifically extended to any other day, but was a general instruction to the jury on the first day of trial when it was not known how long the trial would last.

There was testimony that several jurors telephoned their homes on Monday and again on Tuesday. The jurors testified the case being tried was not mentioned in their conversations.

The juror, Dale, testified that he is a widower; that he had made a date with a lady friend to see her on Tuesday night and on Tuesday noon he telephoned to tell her he would not be at home that night, but to "save that eye" until he got home and they would go somewhere and knock it out; that this expression had no connection with the case on trial and that so far as he knew the lady was not acquainted with the defendant and did not know what case was being tried; that he called her again at noon Wednesday. The Hallman case was not mentioned in either of these conversations. He further testified that he called a lady from a pay phone at the Purefoy Hotel but that nothing was said about the case on trial.

Mr. Haney, a juror, testified that he saw a member of the jury walk from his parked automobile with a man to where the main body was standing. He could not identify the juror and did not know the other man. It was stipulated the juror's name was Jack Hallman. The proof showed that the other person was also a juror, named Lawler. The testimony was that these men were within sight of the other jurors and that they spoke to no one and did not mention the case between themselves.

All of the testimony at the hearing of the motion was taken ore tenus. In its order denying the motion, the trial court found:

"The Court has carefully considered the evidence offered by the defendant and by the State in regard to the alleged separation of the jury, and the Court is mindful

that the test of vitiating influence is not that it did influence a member of the jury to act without evidence, but that it might unlawfully influence a juror or others with whom he deliberated, and might have unlawfully influenced its verdict rendered.

"The rule notwithstanding, there was not a scintilla of believable, competent evidence offered by the defendant that the separating juror or jurors conversed with anyone concerning the defendant's guilt, nor that any other influences which might have biased the jurors' deliberations occurred. The Court specifically finds that Juror Hallman did not converse with any outsider nor anyone other than his fellow jurors. In fact the prosecution has established affirmatively, as it is required to do under the law and the Court so finds as a matter of fact, based on the evidence adduced at the hearing that the separating jurors conversed with no one about the case, concerning the defendant's guilt or otherwise, and that as a matter of fact no improper influences were exerted nor any attempted which in any manner might have influenced the jurors' verdict in any manner and that the verdict rendered by the jury in this cause was entirely free of any improper influences of any kind or nature whatsoever."

We are in full accord with the finding of the court that the evidence affirmatively established that the defendant was not prejudiced by a separation or by any misconduct of the jury, and the motion for a new trial was properly denied. Gipson v. State, 32 Ala.App. 259, 25 So.2d 390, cert. den. 247 Ala. 529, 25 So.2d 392.

Defendant's requested charges 6 and 7 were erroneous and properly refused. Cobb v. State, 115 Ala. 18, 22 So. 506; Mims v. State, 141 Ala. 93, 37 So. 354. Moreover, the principles sought to be enunciated by these charges, as well as refused charges 8 and 9, were fairly and substantially covered in the court's oral charge.

Requested charge 12 was properly refused. Daniels v. State, 243 Ala. 675, 11 So. 2d 756.

Requested charge 14 has been held properly refused unless the evidence is entirely circumstantial, which is not so in this case. Odom v. State, 253 Ala. 571, 46 So.2d 1; Leonard v. State, 38 Ala.App. 138, 79 So.2d 803.

 Requested charge 16 has been approved and its refusal held error. Richardson v. State, 33 Ala.App. 40, 29 So.2d 883, cert. den. 249 Ala. 93, 29 So.2d 884; Pointer v. State, 37 Ala.App. 670, 74 So.2d 615. We think, however, that this charge was fairly and substantially covered in the oral charge and by charge 13 given at defendant's request. Odom v. State, 253 Ala. 571, 46 So.2d 1; White v. State, 41 Ala. App. 54, 123 So.2d 179, cert. den. 271 Ala. 702, 123 So.2d 186.

Without expressly approving or disapproving the remaining refused charges, we hold that the propositions asserted therein were fairly and fully covered by the oral charge.

We find no reversible error in the record. The judgment is due to be and hereby is affirmed.

Affirmed.