LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a conviction of driving a motor vehicle while intoxicated upon a public highway of Alabama, prohibited by Code 1975, § 32-5-170. There is no contention on appeal that the evidence was not sufficient to support the verdict of the jury finding the defendant guilty, and the record convinces us that there is no reasonable basis for such a contention.
Appellant asserts ten separate grounds for a reversal. The first seven relate to the admission in evidence of testimony and documents relative to a test of defendant’s breath with positive results, prescribed by Code 1975, § 32-5-193.
The first asserted ground is that the court erred “in allowing Officer Velez to testify that he received a passing grade on a test given to him to maintain his P.E.I. [Photo Electric Intoximeter] operating permit.” The record shows the following during the direct examination of Officer Velez:
“Q And did you receive a passing credit on that particular test or the last test that you took?
“MR. GRIFFIN: We object; that would not be the best evidence. If he has got to be recertified, repermitted, a new permit would be the best evidence of record of the past score.
“THE COURT: Overruled.
“Q You may answer, please, sir.
“A To keep your certification you are examined, I believe it’s every quarter, every three or four months. If you do not pass the test given, then, your certification will be pulled.
“Q All right. And you are presently and still certified?
“A Yes, sir, I am.”
The quoted portion of the record discloses that the ground of objection made to the question subsumes that if the witness had made a passing grade there would be documentary evidence to show it. The answer of the witness was to the contrary, which of itself shows that there was no infringement of the best evidence rule. The record indicates that the answer satisfied defendant on the particular point. There was no objection to the next question on the subject. The ruling does not constitute prejudicial error.
Appellant’s second and third asserted grounds for a reversal relate to the action of the court relative to the testimony of Officer Velez as to the results of the P.E.I. test administered to defendant. In both assertions, appellant refers to pages 16 and 17 of the record. He says that the evidence was admitted “without State first laying the proper predicate” and “without proper proof of adoption of methods of testing adopted by State Board of Health.” We quote from pages 16 and 17 of the record:
“MR. GRIFFIN: Excuse me, Your Hon- or. I don’t want to be too persistent. I think I have tried to make my objection for the record, but it’s going on farther. I feel I should bring it out again. I don’t believe the proper predicate has been laid for this questioning. I mentioned the methods, he is mentioning now something about methods approved by the State Board of Health, but as I view the present situation there has been no showing that there are any methods approved by the State Board of Health. There has been no proof offered before the Court in evidence, taken in evidence to show that the State Board of Health has ever promulgated the regulations and the methods for giving the test that the witness is stating he made on the occasion in question.
“THE COURT: What is Exhibit 1?
“MR. MILLER: Would be State’s Exhibit 1. The promulgated rules and regulations, etc., and I have — would move to introduce those to the Court.
“THE COURT: They are admitted. Overruled.
“MR. GRIFFIN: That was the point, I was not aware that they had been offered into evidence. I knew they were laid out here, but I didn’t know they had been offered into evidence.
“THE COURT: They have been and they had been previously admitted.
*884 “MR. GRIFFIN: Well, I object to it again, because if it was it was done outside the presence of the jury.
“THE COURT: Overruled.
“MR. GRIFFIN: And we don’t believe it can be admitted outside the presence of the jury.
“THE COURT: Well, I believe otherwise, overruled. Proceed.”
We find in the transcript of the proceedings State’s Exhibit 1, which consists of a certified copy of the rules and regulations of the State Board of Health relating to the Alabama Chemical Test for Intoxication Act as adopted October 23, 1974, and amended February 18, 1977, which includes approval and detailed procedure as to the Photo Electric Intoximeter test. The portion of the record quoted above, in the context of the record as a whole, discloses that there was some misunderstanding between the court and defendant’s counsel as to when the exhibit was offered in evidence, but the fact remains that it was in evidence, which made inapplicable the grounds of the objection to the testimony of Officer Velez as to the results of the test. The action of the court as to assertions 2 and 3 were free of prejudicial error.
Appellant cites page 24 of the record to support his fourth assertion of error “in admitting the results of a P.E.I. test.” The record on that page shows that the only ground of objection was that the question asked as to the matter was leading. Before the first question asked on the subject was answered, defendant objected, the court said, “Don’t lead,” and the following occurred:
“Q Did you get a result, Mr. Velez?
“A Yes, sir, I did.
“Q What was that result, please, sir?
“MR. GRIFFIN: We object again on the same grounds.
“THE COURT: Overruled.”
There is no merit to appellant’s fifth assertion to the effect that the court erred in overruling his motion to exclude the testimony of Officer Velez as to the results of P.E.I. test as he refreshed his recollection thereof from a copy of a written test report the witness had made promptly after the test that he had conducted. A document prepared by a witness at the time of an event, if needed by him to refresh his recollection thereof, may be used by him for that purpose. Flournoy v. State, 270 Ala. 448, 120 So.2d 124 (1960). The particular exhibit, which did not become part of the evidence, was a carbonized duplicate original that is admissible in evidence without accounting for nonproduction of the original. Robinson v. State, 38 Ala.App. 315, 82 So.2d 815 (1955).
Appellant's sixth assertion of error pertains to references in the testimony of Officer Velez tó a photographic copy of a “log sheet” relative to the “calibration” and operating condition of the P.E.I. machine used by him in making the test on defendant, which apparently was contained in State’s Exhibit 4, but which exhibit was never admitted in evidence and is not contained in the record or transcript of the proceedings. Upon answering the question, objected to by defendant, as to what the exhibit was, the following occurred:
“MR. GRIFFIN: We object and ask that be excluded again on the grounds it’s not the best evidence.
“THE COURT: I sustain it on that results.”
Thereafter there was no ruling adverse to defendant on the matter of State’s Exhibit 4. Appellant’s sixth assertion is without merit.
State’s Exhibit 5, admitted in evidence, is a photo-electric intoximeter operating record on a printed form of the Alabama Department of Public Health, certified by the State Health Officer and Records Custodian. It is filled in at appropriate places by the operator Officer Velez when making a test for intoxication upon defendant. Defendant objected to the exhibit “on the grounds that part of it had been marked out,” which objection was overruled. Defendant had previously objected to State’s question asking for the reason “these lines have been drawn through,” to which defendant objected, and *885 the State did not insist on an answer. By assertion seven, appellant contends that the court erred in admitting in evidence State’s Exhibit 5. There are twenty-two steps in the prescribed procedure of the form of the operating record. A careful reading of the exhibit shows that three of the steps are “Optional Steps.” These are the parts of the exhibit that were lined out and initialed by the witness. The optional steps as printed on the form are clearly legible underneath the lines made by the witness. The objection of defendant was properly overruled.
Appellant’s eighth assertion of error is a broadside against the court’s “allowing State’s attorney to lead State’s witness Velez over Defendant’s objection.” It is correct, we think, that the State excessively led the witness. Many times the court told him, “Don’t lead.” In some of these instances there was nothing to be gained by the leading questions, and obviously no harm was caused thereby to defendant. We disapprove the constancy of the leading interrogation, but the court’s rulings were within its discretion, and no harm to defendant is to be found in the rather unusually large number of leading questions.
Defendant’s requested written charge III, which the court refused, was as follows:
“The Court charges the jury that a reasonable doubt may exist, though there is no probability of defendant’s innocence from the testimony; and if they have not an abiding conviction, to a moral certainty, of defendant’s guilt, then they should acquit the defendant, Willie Davis.”
The refusal of such a charge has led to a reversal in several cases. Pointer v. State, 37 Ala.App. 670, 74 So.2d 615 (1954). However in Hallman v. State, 42 Ala.App. 417, 167 So.2d 142, cert. denied 277 Ala. 699, 167 So.2d 145 (1964), the charge was again considered, and it was there held that it was saved from error by fair and substantial coverage in the oral charge, as well as by a given written charge. In the oral charge in the instant case the court said:
“. . .a reasonable doubt may exist although there is no probability of the Defendant’s innocence, and, of course, you must have an abiding conviction to a moral certainty of the Defendant’s guilt.”
Taking that specific reference to the subject embraced in defendant’s requested charge III into consideration in connection with the remainder of the court’s oral charge in which the jury was fully instructed as to its duty not to convict unless the jury was satisfied from the evidence beyond a reasonable doubt of defendant’s guilt, the principle of law set forth in defendant’s charge III was fairly and substantially covered by the court’s oral charge. The refusal of the charge does not constitute reversible error, as contended in appellant’s ninth assertion of error.
Appellant is correct in his tenth assertion of error. The jury fixed his punishment at a fine of four hundred dollars. In addition, the court imposed a sentence “to hard labor for Madison County for a period of six months.” By Code 1975, § 32-5-170, the punishment prescribed in addition, as well as an alternate, to a fine is “imprisonment in the county or municipal jail for not more than one year.”
The judgment of conviction should be affirmed, but the cause should be remanded to the trial court for proper sentencing. McFerrin v. State, Ala.Cr.App., 339 So.2d 127, 132 (1976).
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED AND REMANDED FOR PROPER SENTENCING.
All the Judges concur.