25 So.2d 392

## GIPSON v. STATE.

### 4 Div. 405.

Supreme Court of Alabama.

March 14, 1946.

Alto v. Lee, III, and Jas. F. Tindell, both of Dothan, for petitioner.

Wm. N. McQueen, Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., opposed.

BROWN, Justice.

The Court of Appeals after reviewing the evidence in the record sustained the conclusion of the trial court on the hearing of the motion for a new trial, that the state had met the burden resting upon it, showing that the defendant was not prejudiced by the separation of the juror Jones from the other jurors for ten or fifteen minutes at the lunch or recess hour. This is a finding of fact from evidence in the record, not reviewable on certiorari. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

The rule in respect to the burden of proof resting on the state is stated in the following authorities: Arnett v. State, 225 Ala. 8, 141 So. 699; Payne v. State, 226 Ala. 69, 145 So. 650.

The Court of Appeals also finds as a fact that the witness Claudia Smith, "did not testify that the appellant killed her husband, or even engaged in a fight with him; nor did she testify that she killed the deceased." Also that, "The defendant testified in his own behalf and denied that he was the person who inflicted the fatal blow." The trial court did not err in refusing to allow the defendant to show by Johnnie Gipson, Jr., Metha Gipson and R. T. Bennett that Claudia Smith on the evening of the alleged murder stated in his presence that neither she, Claudia Smith, or defendant killed the deceased. If the witness Claudia Smith had testified that the defendant cut the deceased with a knife, such testimony would have been competent to impeach her testimony, but in the circumstances, the effect, as stated by the opinion of the Court of Appeals, of the proffered testimony was merely to bolster the testimony of defendant, and is within the hearsay rule. Wesson v. State, 238 Ala. 399, 191 So. 249.

The writ of certiorari is due to be denied and it is so ordered.

Writ denied.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.