274 So.2d 365

**Jessie James MURRAY**

v.

**STATE.**

**5 Div. 76.**

Court of Criminal Appeals of Alabama.

Nov. 21, 1972.

Rehearing Denied Jan. 23, 1973.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

Russell, Raymon & Russell, Tuskegee, for appellant.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant, represented here and at his trial by court-appointed counsel, was convicted of murder in the second degree. His punishment was fixed at ten years in the penitentiary. He appeals from the judgment entered pursuant to the jury's verdict.

It appears from the evidence that the victim of the homicide, Mack Hoffman, was at the home of appellant's sister where he lived on November 16, 1970, in Macon County, Alabama, at about 3:00 P.M. when

the deceased received a bullet wound. The bullet was fired from a defective rifle of small caliber and death was immediate.

The circumstances attending the shooting were such as to present an issue as to whether the shooting was an accident or the result of an unlawful act on the part of the appellant. The defense was that the shooting was an accident. However, some of the evidence supported a contrary view and tended to support the State's contention that the discharge of the weapon was the result of an unlawful act at the hands of appellant. The jury, after hearing and considering the evidence, concluded that appellant shot the victim under such circumstances as to constitute murder in the second degree. Judgment pursuant to the verdict was properly entered.

Under the contentions of error here asserted by the defendant and his able counsel we deem it unnecessary to burden this opinion with details of the tragedy. We now advert to the contentions of error to reverse.

■ Did the trial court commit prejudicial error in refusing to give appellant's written charge as follows:

"The Court charges the Jury that there is a legal presumption of innocence which is to be regarded as a matter of evidence by the jury to the benefit of which the accused is entitled, and as a matter of evidence it attends the defendant until his guilt is, by the evidence, placed beyond a reasonable doubt."

The import of this refused charge was approved by the Supreme Court in Davis v. State, 284 Ala. 135, 222 So.2d 719. It was prejudicial error to refuse this charge unless it was substantially covered by a written charge or by the court's oral instructions to the jury.

The trial court gave appellant's written charges 8 and 9 as follows:

"CHARGE NO. 8. The Court charges the Jury that the humane provi-

sion of the law is that everyone charged with crime is presumed to be innocent and this presumption goes with him as a shield for his protection throughout the entire trial until the state removes it by satisfactory evidence of such character as to establish his guilt to a moral certainty.

"CHARGE NO. 9. The Court charges the Jury that the innocence of the defendant is presumed until his guilt is established by the evidence in all the material aspects of the case beyond a reasonable doubt, and to a moral certainty, and may also be said that evidence of guilt must be strong and cogent, and unless it is so strong and cogent as to show that the defendant is guilty to a moral certainty, the defendant should be acquitted."

The trial court in its oral charge instructed the jury as follows:

"The Defendant for his plea or his answer to this indictment says that he is not guilty. Well, when he does that the burden of proof shifts to the State. Why is that so? Well, it's because of the fact that the State of Alabama has to prove from the evidence that this defendant is guilty beyond a reasonable doubt. Well, why is that requirement necessary? It is because every time a Defendant comes into this Court Room he is presumed to be innocent and that presumption remains with him all during the course of this trial and remains with him as you go into your jury room and it is not stripped away from him until you consider the evidence and find that he is guilty beyond all reasonable doubt and to a moral certainty."

We think that the two written charges 8 and 9, supra, and the excerpt, supra, from the oral charge fully and adequately informed the jury that appellant's plea of not guilty carried with it a presumption of innocence which remained with him until the

jury, after considering the evidence, was convinced beyond a reasonable doubt of his guilt. It is true that the two charges and the excerpt failed to state that the presumption of innocence should be regarded as a matter of evidence. This omission did not in our judgment render the two charges and the oral excerpt below par in their substantial coverage of the refused charge. The trial court made it fully clear that appellant's presumption of innocence attached and remained with him to a certain point in the minds of the jury. We hold that the refused charge was substantially covered by the two written charges and the oral instructions of the court. This coverage met the demands of the law. Cooper v. State, 277 Ala. 200, 168 So.2d 231; Kemp v. State, 278 Ala. 637, 179 So. 2d 762; Tit. 7, § 273, Code of Alabama, 1940, recompiled 1958.

■ It also appears from the evidence of appellant that at a prior time he had been convicted of murder. This offense involved moral turpitude. This judgment of conviction was addressed to the credibility of the defendant. Tit. 7, § 434, Code, supra. Thereupon, following the adduction of this evidence, the district attorney asked the defendant where he lived. Following an answer that he lived in Shorter, counsel then asked him where he had been sleeping all this week. Defendant answered that he had been sleeping in the penitentiary. Then followed a motion to exclude and a motion for a mistrial. The motion for a mistrial was properly denied; the court excluded the evidence and told the jury to "forget it."

We do not think the answer was ineradicable. The record does not disclose why the defendant slept in the penitentiary. It may be inferred that following his conviction for murder he had slept in the penitentiary. This answer was not calculated to generate prejudice in the minds of the jury to the extent that it could not be excluded by the court's instruction. We are unwilling to charge the court with reversible error in denying the motion for a mistrial.

The judgment of conviction is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

Affirmed.

All the Judges concur.

ON REHEARING

The Supreme Court held in Gordon v. State, 268 Ala. 517, 110 So.2d 334, that the same rule of law in refused Charge No. 6 was substantially and fairly given to the jury in the court's oral charge and also in written Charge No. 7 given at the request of the defendant. Tit. 7, § 273, Code, supra.

In Guenther v. State, 282 Ala. 620, 213 So.2d 679, the Supreme Court reaffirmed the principle that the legal presumption of innocence is evidence in behalf of the defendant and he is entitled to have the jury charged to that effect. The written charge requested by defendant used civil case terminology, "being reasonably satisfied from the evidence," and was misleading. The trial court did not commit reversible error in refusing it.

We hold in our opinion, supra, that the refused charge was substantially covered by defendant's given Charges 8 and 9 and the oral charge. Neither of the written Charges 8 and 9, nor the oral charge, were general as in Davis v. State, 284 Ala. 135, 222 So.2d 719, but met the demands of law. Tit. 7, § 273, Code, supra.

Opinion extended. Application overruled.

All the Judges concur.