279 So.2d 580

**Charles DENSON**

**v.**

**STATE.**

**7 Div. 181.**

Court of Criminal Appeals of Alabama.

June 12, 1973.

Wade H. Morton, Jr., Columbiana, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant was indicted for and convicted of burglary in the second degree for which the trial court sentenced him to six years imprisonment in the penitentiary of Alabama.

It appears without dispute that the building in Montevallo, Alabama, housing the Ford dealership of Sherman Holland Ford, Inc., a corporation, was burglarized about 6:00 P. M. on February 14, 1970, wherein and at the time two colored males were flushed while they were using tools to pry open the company's safe which contained money and papers of the corporation.

The evidence without contradiction shows that the majority owner of the corporate stock, Sherman Holland, together with his son, and Earl Tucker, a business associate had been to Montgomery to deliver an automobile, and on returning to Montevallo about 6:00 P.M., stopped to see if they had locked the safe which was in the building.

As Mr. Holland was placing a key in the front door lock for the purpose of entering the building, and Mr. Turner was standing by for like entry, two male colored persons made a hurried exit to the rear of the building, wherein they had forcibly entered, thereby escaping. One Henry Minnifield and appellant were later arrested for the burglary. Minnifield was convicted for such burglary. We are not here concerned with that conviction.

We may hereafter refer to appellant on occasions as defendant.

The defendant entered a plea of not guilty to the indictment. This plea presented an issue of identity that was submitted to the jury, who heard considerable evidence and determined therefrom that defendant was guilty as charged in the indictment.

It appears from the evidence that after defendant's arrest in Birmingham on February 23, 1970, pursuant to a warrant of arrest issued on February 17, 1970, and after he was jailed in Columbiana, Mr. Holland viewed defendant in a lineup which was set up by the Sheriff of Shelby County. The effect of this view of defendant in the lineup will be the subject of consideration later in this opinion.

The first contention appellant's counsel makes in his argument and brief is that the trial court erred in denying appellant's motion to require the court reporter to take down and stenographically record the arguments of counsel to the jury. It appears that defendant was an indigent and represented at his trial and here by appointed counsel. Point is made that this indigent defendant did not receive the same type trial as a non-indigent defendant would receive and is not being afforded the same opportunity for a full review as is afforded a non-indigent defendant.

■ We are not in accord with this contention. Tit. 13, § 262, Recompiled Code of Alabama 1958, specifies the duties of a court reporter and specifically excepts

reporting argument of counsel. Additional specific duties of a court reporter are named for the reporter of the Sixth Judicial Circuit by General Act 1927, p. 34. It appears that the instant reporter in Shelby County was under no duty, with or without pay, to report the argument of counsel. The trial court had no authority to mandate such service. The court properly denied the motion.

We do not mean to say that the reporter was not required to note objections of counsel and their reference to arguments; also the ruling of the court on such objections.

Defendant as an indigent was not in any worse position than a non-indigent who likewise is not entitled to such service as a matter of duty on the part of the reporter. The fact that the reporter may volunteer such service for pay does not require him to volunteer such service without pay. Such performance of service is addressed to the discretion of the court reporter without any order or direction of the trial court.

█ The next contention is that the trial court erred in refusing to give written charges 4, 6 and 8 which were requested by defendant. The reporter will set out these refused charges. We think they were covered by defendant's written charges 5 and 7, which the reporter will also set out. The two charges 5 and 7 were not endorsed "given" and signed by the trial judge as required by Tit. 7, § 273, Code, supra. Appellant says in his brief that the charges were given. This being true, it was not error to refuse charges 4, 6 and 8. Tit. 7, § 273, supra.

Appellant asserts that the court's oral charge concerning the presumption of innocence and its effect on the State's burden of proof does not fully and adequately instruct the jury on these matters; that the court committed error in refusing, separately and severally, appellant's written charges 10, 11, 12, 16, 17, 18 and 23.

The trial court in its oral charge instructed the jury on presumption of innocence as follows:

"Now, Ladies and Gentlemen of the Jury, the fact that this defendant has been arrested and brought before the bar of justice, here, does not create any presumption against him, at all, but, he comes into this court clothed withe [sic] the presumption of innocence and that presumption of innocence is a fact that remains with [sic] throughout the trial of this case and until it overcome by evidence, which proves his guilt to each one beyond a reasonable doubt and to a moral certainty. . . ."

Written charge 17 is as follows:

"The Court charges the Jury, that the legal presumption of innocence is to be regarded by the Jury in this case as a matter of evidence, to the benefit of which the defendant is entitled, and, as a matter of evidence it attends the defendant until his guilt is, by the evidence, placed beyond a reasonable doubt."

█ This refused charge 17 was not covered by any written charge given at defendant's request. The generality of the oral charge, supra, was not sufficient to cover the principle, "as a matter of evidence," in refused charge 17, supra. Davis v. State, 284 Ala. 135, 222 So.2d 719; Guenther v. State, 282 Ala. 620, 213 So.2d 679; Gordon v. State, 40 Ala.App. 214, 110 So.2d 329, cert. granted 268 Ala. 517, 110 So.2d 334.

Refusal of the other charges, supra, was not error. Tit. 7, § 273, Code, supra.

█ We think there was no error on the part of the trial court, as contended by appellant, in declining to permit appellant to impeach the credibility of Sherman Holland by showing on cross examination that he had a problem of prior and subsequent burglaries at his place of business. Appellant contends that these repeated burglaries

tended to reflect upon the witnesses' interest, bias, prejudice and partiality concerning the matters above which he had testified. Cross examination with respect to prior and subsequent burglaries would lead the trial far afield and burden the jury with remote issues that shed no light on the issues in the instant case.

The witness, Sherman Holland, testified on cross examination that he got the best look at defendant when he and his companion were flushed in the office and were in the act of fleeing therefrom. Defendant asked the witness:

"Q. That's right, you never have stated on that witness stand that you got the best look at the one that was running out the door?

"A. No, sir."

Thereafter, the defendant offered evidence of the court reporter that at the trial of the companion, Henry Minnifield, witness Sherman Holland testified on December 15, 1971, that he got the best look at Henry Minnifield. The trial court sustained the State's objection to this offer of proof.

■ We think the evidence of the court reporter was offered to contradict the witness on an immaterial issue, created by the defendant on cross examination. The issue was the presence of the defendant vel non in the building as alleged in the indictment. That issue hinged mainly on a factual sufficiency of Mr. Holland's identifying testimony. The fact, if so, that he got a better look at Minnifield than defendant does not detract from the truth of his testimony which identified the defendant as one of the burglars. The defendant here created an immaterial issue and seeks to make the same the subject of impeachment. Hyde v. State, 13 Ala.App. 189, 68 So. 673; Gipson v. State, 32 Ala.App. 259, 25 So.2d 390, cert. denied 247 Ala. 529, 25 So.2d 392.

The court did not commit error in declining to permit the court reporter to testify as above shown.

The State proposed to prove by the witness Sherman Holland that he identified the defendant at a jailhouse lineup conducted by the sheriff. The trial court sustained defendant's objection to this evidence. This ruling is not subject to review on this appeal. We therefore do not consider the legality thereof.

But defendant insists that the trial court erred in not granting his motion to suppress the identifying evidence of the witness, which evidence was based on his view of the witness when he observed the defendant in the dealership store. Appellant contends that it was incumbent on the State to prove that the in-court identification by the witness had an independent source and was not tainted or affected by the invalidly conducted lineup.

The trial court, out of the hearing of the jury, heard considerable evidence on this issue after which it overruled defendant's motion to suppress the identifying evidence because it did not have an independent origin. U. S. v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Campbell v. State, 47 Ala.App. 57, 249 So.2d 877.

■ As noted above, evidence on the issue was quite lengthy and we shall not undertake to delineate it. Suffice it to say that the trial court heard the witness on oral testimony and was convinced, as shown by its ruling, that the in-court identification had an independent origin. We are unwilling to disturb this ruling of the court which denied the motion to suppress. We now advert to the unnumbered propositions which the appellant contends put the trial court in error.

1. The demurrer to the indictment was correctly overruled.

2. We pretermit considering appellant's motion for continuance on the ground that Negroes in Shelby County were discriminated against because of race and had been systematically excluded from the jury venire summoned for defendant's case. This judgment must be reversed for other rea-

sons, thereby eliminating consideration at this time the racial composition of the jury venire summoned for the instant case.

3. We do not think there is any merit on the evidence adduced that appellant was denied a speedy trial.

4. It was within the trial court's sound discretion to excuse the sheriff, an officer of the court, from the invoked rule that excluded the witnesses from the courtroom during the trial of appellant. Ryan v. Couch, 66 Ala. 244. We see no abuse of this discretion.

5. We see no abuse of discretion or prejudice to defendant when the trial court called the jury into the courtroom and told them that in thirty minutes he would send them to supper. The jury came back with a verdict soon thereafter against appellant and then went to supper. It is not shown that the information imparted to the jury about going to supper in any way influenced them in reaching a hurried or premature verdict.

Last but not least, we now advert to the trial court's refusal to give defendant written charge 24, which reads as follows:

"The Court charges the Jury that no inference or conclusion should be drawn by the Jury from the fact that the defendant was not sworn and put on the stand as a witness in his own behalf, nor should this fact have any weight with the Jury in reaching a verdict."

We here note that appellant did not testify as a witness, but elected to remain silent. Tit. 15, § 305, Code, supra.

This refused charge was identical in words and pronouncements to refused charge 5 in Thomas v. State, 139 Ala. 80, 36 So. 734, wherein it appears that the defendant did not elect to take the stand. The refusal in the *Thomas* case was held error to reverse. We do not think that Supreme Court Rule 45 has application in this case. We are convinced that we would do violence to the spirit and intent of the rule in question if we should make it apply to the case at bar. Salvadori v. State, 33 Ala.App. 372, 33 So.2d 752. For a full discussion, see Boggs v. State, 270 Ala. 209, 116 So.2d 903.

For the errors pointed out, supra, in refusing certain charges, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a Judge on this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

Reversed and remanded.

All the Judges concur.