TYSON, Presiding Judge.
The indictment charged the appellant, Larry Glenn Bryant, with murder in the second degree. The jury found the appellant guilty of manslaughter in the first degree and fixed punishment at seven years imprisonment. The trial court then entered judgment in accordance with this verdict.
Anitra Steel testified that on the night of June 25, 1975, around 12:15 a. m., she met Ricky Deakle and Alvin Bryan, the deceased, at the post office in Coden, Alabama. Steel stated that she asked Deakle and Bryan to take her to the appellant’s house. The three of them parked in front of the appellant’s house, according to Steel, and Bryan and Steel got out of the car. Steel testified that she called the appellant’s name while standing along with Bryan on the street in front of appellant’s house. Deakle testified that he saw the appellant come to the window and that he told Steel and Bryan, “You all get in the car” (R. 134). Steel testified that she saw the appellant come out of the house with a gun, and that she and Bryan got in the car. After Steel and Bryan got in the car, a shotgun blast hit the passenger’s side of the car where Bryan was sitting.
Dr. David Franklin Dean, Associate Professor at the College of Medicine at the University of South Alabama, testified that he operated on Bryan June 25, 1975. Dr. Dean testified that Bryan died a few days later of gunshot wounds to the brain (R. 106).
Marion Bryant, mother of the appellant, testified that about 12:30 a. m. on the morning of the shooting, she heard her son in the kitchen fixing something to eat. Bryant testified that she also heard a car motor running and several voices (R. 194). She stated she heard someone outside say, “Get his car” (R. 194). Bryant ran to the back door of the house and out to the carport where she heard a gun go off. Bryant told the appellant, standing with a shotgun, that he should not have shot a gun in the city limits (R. 204). The appellant, according to Bryant, replied, “Well, mother, I shot up over his head” (R. 204). The appellant, Bryant testified, then drove his car to the side of the house and came back inside. The appellant, according to Bryant, stayed up a few minutes to see if they would return. Both Bryant and the appellant went to sleep, but were awakened later by the police knocking on the door.
The appellant testified that he had known the deceased, Alvin Bryan, almost all his life. The appellant stated that he heard someone scream, “Get his car” (R. 222), so he ran to the front window and saw two figures standing outside, alongside a car parked in front of his house. He then got his father’s shotgun, loaded it, and ran out the back door. Appellant testified that he raised the shotgun up to shoot above the car so they would leave. Appellant stated that he never pointed the gun at the automobile, and that he did not even know that Alvin Bryan was in the car. All he wanted to do, appellant testified, was to scare them away because he was afraid someone was trying to steal his car.
Warren Cornelius testified that he had been a gunsmith for thirty-five years and was certified as such by Browning and Savage (R. 239). Cornelius stated that State’s Exhibit 12, the Winchester automatic, was chambered for a two and three quarters type of shell. The expended shotgun shell (Exhibit No. 14), according to Cornelius, was a three inch shell. Cornelius testified *1138 that when a three inch shell is fired in a three quarter inch chamber, “[I]t leaves the end of the barrel, these flat shots have a tendency to sail, giving a wide pattern there” (R. 243).
I
Appellant contends that the trial court committed reversible error in charging the jury that a reasonable doubt means, among other things, “a real and substantial doubt after considering the evidence” (R. 268). The appellant, at the close of the oral charge, properly excepted to that portion of the oral charge.
In Hall v. State, 54 Ala.App. 198, 306 So.2d 290, cert. denied 293 Ala. 757, 306 So.2d 294, this Court approved a definition of reasonable doubt in almost the same language used in this case. In Hall, the trial court charged the jury that, “A reasonable doubt means a real doubt or a substantial doubt growing out of the evidence. It is a doubt for which a reason can be given” (Emphasis supplied).
The trial court did not err in its definition of a reasonable doubt.
II
Appellant contends that the trial court committed reversible error in refusing to give requested charges 5, 14, 16 and 17, all of which stated, in essence, that the legal presumption of innocence was to be regarded as a matter of evidence in behalf of the appellant.
These refused charges were not covered by the trial court’s oral charge. Such constitutes reversible error. Denson v. State, 50 Ala.App. 409, 279 So.2d 580; Davis v. State, 284 Ala. 135, 222 So.2d 719; Guenther v. State, 282 Ala. 620, 213 So.2d 679; Gordon v. State, 40 Ala.App. 214, 110 So.2d 329, cert. granted 268 Ala. 517, 110 So.2d 334.
III
Appellant contends that the trial court committed reversible error in refusing to give the following requested charge: “Defendant’s Requested Jury Charge No. 13. If you have a reasonable doubt of defendant’s guilt growing out of the evidence or any part of it, you must acquit him” (Emphasis supplied).
The trial court did not instruct the jury in its oral charge that a reasonable doubt might arise from only a part of the evidence, nor was such covered by any given charges. The refusal of this charge also constitutes reversible error. Smith v. State, 51 Ala.App. 527, 287 So.2d 238, cert. denied 292 Ala. 750, 289 So.2d 808; Tidwell v. State, 40 Ala.App. 580, 118 So.2d 292; Lockett v. State, 40 Ala.App. 427, 117 So.2d 155.
IV
Refused charges 3, 6, 7, and 20 deal with the law of reasonable doubt and the measure of proof required of the State. The principles set out in these refused charges were covered by the oral charge. Error does not appear in their refusal. Title 7, Section 273, Code of Alabama 1940.
For the errors shown in refusing the aforementioned charges, the judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Judges concur.