BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant, an indigent, was indicted for first degree murder. She was convicted by a jury on a plea of not guilty; sentence, life imprisonment.
The victim was defendant’s newborn infant. The evidence was largely circumstantial.
I
Appellant asserts prejudicial error in the admission in evidence of a photograph of the deceased infant after an autopsy had been performed. Appellant contends that said photograph (Exhibit # 1) was unnecessary in view of other evidence in the case; that in any event the probative value was “. . . so far outweighted by the prejudicial impact as to call for its exclusion.”
The record fails to show that an objection to the admission was based on such contentions as above indicated. We quote:
“THE COURT: Your objection is what, now, Mr. Clark?
“MR. CLARK: That there has been no proper predicate for the photograph to be introduced into evidence as far as the chain of custody.
“THE COURT: On that ground I would overrule your objection and grant the motion that it be allowed into evidence. Mark it into evidence, Mr. Reporter.”
Defendant was bound by the grounds specified in her objection to the admission of the testimony. She cannot here assert other grounds which are waived. Prince v. State, 50 Ala.App. 644, 282 So.2d 83(4); Vol. 6A, Ala.Digest Criminal Law @=>695(4).
II
Appellant complains that the Court erred in refusing to give her written Charges Nos. 11, 15 and 16, as follows:
“DEFENDANT’S REQUESTED JURY CHARGE NO. 11
The law presumes that the defendant is innocent of the charge against her and this presumption of innocence is evidence in her behalf to be considered by you, and you cannot find her guilty, until, from the evidence, her guilt is established to your reasonable satisfaction and beyond a reasonable doubt.” (Italics added.)

“DEFENDANT’S REQUESTED JURY CHARGE NO. 15
The Court charges the jury that the defendant is presumed to be innocent until the evidence convinces the jury beyond all reasonable doubt that she is guilty; and if, upon a consideration of all the evidence, the jury have a reasonable doubt growing out of all the evidence, they must acquit the defendant.” (Italics added.)
*537 “DEPENDANT’S REQUESTED JURY CHARGE NO. 16
The presumption of innocence attends the accused as a matter of evidence, and is sufficient in itself to authorize the acquittal of the defendant and, to displace this presumption of innocence, the State is required to offer evidence that convinces you beyond all reasonable doubt as to the guilt of the defendant.” (Italics added.)
The italicized words in Charge No. 11 make it misleading and properly refused. Guenther v. State, 282 Ala. 620, 213 So.2d 679(7).
Charge No. 15, supra, was properly refused. It was fully covered by the Court’s oral charge.
Charge No. 16, supra, contains the words “as a matter of evidence,” which do not appear in the excerpt of the oral charge as follows:
“. . . The basic principle of law, that is always the first thing I generally say to a jury, in a criminal case, is this, everyone charged with a crime in Alabama is presumed innocent. That means this defendant in this case under this indictment is presumed to be innocent from the time that she is charged, and that presumption would continue on and she would end up presumed innocent at the end of the trial, unless the State of Alabama, by and through the District Attorney’s office prosecuting the charge proves beyond a reasonable doubt and to a moral certainty the defendant’s guilt of the charge set out in the indictment. So, that presumption of innocence, as I said, prevails, until the State meets that burden of proving the defendant’s guilt beyond a reasonable doubt and to a moral certainty . . . .”
Under some circumstances refusal of a charge of like import containing the words “as a matter of evidence” is error. Bryant v. State, Ala.Cr.App., 348 So.2d 1136; Denson v. State, 50 Ala.App. 409, 279 So.2d 580(3).
But in the instant case we are of the opinion that reversible error is not made to appear in the refusal of the Court to give Charge No. 16, supra. Gordon v. State, 268 Ala. 517, 110 So.2d 334. See also, Murray v. State,. 49 Ala.App. 590, 274 So.2d 365(1), certiorari denied. In re: Murray v. State, 290 Ala. 369, 274 So.2d 368. We are firmly convinced that the same rule of law was substantially and fairly given in the Court’s aforequoted oral charge. Section 273, Title 7, Code of 1940.
We wish to state parenthetically that some confusion, or maybe a reversal, might be avoided if the trial judge would inform the jury, by written or oral charge, that the presumption of innocence is evidence for the defendant. It might be helpful if the judge would also tell the jury that in assessing defendant’s guilt or innocence to consider this presumption along with the other relevant evidence.
We are not unmindful that each of the Charges, Nos. 15 and 16, supra, uses the words “all reasonable doubt” instead of “a reasonable doubt,” and therefore, each was properly refused. Breazeale v. State, 51 Ala.App. 320, 285 So.2d 130; cert. den. 291 Ala. 774, 285 So.2d 134.
We do not find any prejudicial error in the record.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a Retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, .of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.