We granted the State's petition for certiorari to review the decision of the Court of Criminal Appeals which held that the trial court erred when it refused a jury charge requested by the defendant.
The defendant was indicted and tried on a charge of robbery. He requested thirty-seven written jury charges that were all denied. The jury found the defendant guilty and the judge sentenced him to fifteen years in prison. The case was appealed to the Court of Criminal Appeals, 407 So.2d 173, which reversed the trial court. The basis for the reversal was the refusal of the trial judge to give defendant's requested charge number 27 which read as follows:
 Ladies and gentlemen of the jury, I charge, that the legal presumption of innocence is to be regarded by the jury, in every case, as a matter of evidence, to the benefit of which the accused is entitled, and, as a matter of evidence it attends the accused until his guilt, by the evidence, is placed beyond a reasonable doubt.
As authority supporting its decision, the Court of Criminal Appeals cited the following language in Brooks v. State,380 So.2d 1012 (Ala.Crim.App. 1980):
. . . The refusal of this requested charge is error and requires a reversal where it is not fairly and substantially covered in the court's oral charge. Wilson v. State, 243 Ala. 1, 21, 8 So.2d 422 (1942); Brown v. State, 33 Ala. App. 97, 104, 31 So.2d 670
(1946); Salter v. State, 22 Ala. App. 86, 88, 112 So.2d 538 (1927); Diamond v. State, 15 Ala. App. 33, 39, 72 So. 558 (1916). The only exception to this rule is where the evidence is not conflicting and the general affirmative charge is given in the State's favor. Bertrand v. State, 46 Ala. App. 631, 247 So.2d 386 (1971). Here, the evidence was conflicting and the affirmative charge was not given. Here also, the "generality of the oral charge . . . was not sufficient to cover the principle, `as a matter of evidence'", in the refused charge. Denson v. State, 50 Ala. App. 409, 412, 279 So.2d 580, 583 (1973). Consequently, the refusal of requested charge number 4 was error. [emphasis added]
The oral charge given by the trial judge stated:
 Now, the Defendant in this case, just as the Defendant in every criminal case tried within the State of Alabama, is presumed innocent. The presumption of innocence of a Defendant in a criminal case attaches from the very time that the finger of the law points toward the Defendant, up until his case is taken before the Grand Jury, up until he is indicted and brought before you, the jury, and I submit to you right at this very time, the Defendant is still presumed to be innocent, that he must still be shielded by that presumption of innocence until you have retired to the jury room, and from your consideration of all the evidence in this case you are convinced beyond a reasonable doubt and to a moral certainty that he is guilty. When and if, of course, after consideration of the evidence in this case you find that the State has met the burden of proof, and you are convinced beyond a reasonable doubt and to a moral certainly, then of course he is no longer entitled to the presumption of innocence, because it has been overcome by the evidence. And then it is just as much your duty to convict him, if you feel from the evidence that he is guilty, as it is to acquit him if the evidence fails to produce that abiding conviction in your mind.
 So as a matter of Law, I charge you that you cannot convict the Defendant in this case until the presumption of innocence has been overcome by the evidence, which has been given to you in this case, and from that evidence and your consideration of the evidence you are convinced beyond a reasonable doubt and to a moral certainty that he is guilty.
We feel the above oral charge correctly and adequately stated the appropriate rule of law. Under similar circumstances the Court of Criminal Appeals has held: *Page 179 
 Under some circumstances refusal of a charge of like import containing the words "as a matter of evidence" is error. Bryant v. State, Ala.Cr.App., 348 So.2d 1136; Denson v. State, 50 Ala. App. 409, 279 So.2d 580 (3).
 But in the instant case we are of the opinion that reversible error is not made to appear in the refusal of the Court to give Charge No. 16, supra. Gordon v. State, 268 Ala. 517, 110 So.2d 334. See also, Murray v. State, 49 Ala. App. 590, 274 So.2d 365 (1), certiorari denied. In re: Murray v. State, 290 Ala. 369, 274 So.2d 368. We are firmly convinced that the same rule of law was substantially and fairly given in the Court's aforequoted oral charge.
Sellers v. State, 353 So.2d 535 (Ala.Crim.App. 1977).
The Court in Sellers went on to state:
 We wish to state parenthetically that some confusion, or maybe a reversal, might be avoided if the trial judge would inform the jury, by written or oral charge, that the presumption of innocence is evidence for the defendant. It might be helpful if the judge would also tell the jury that in assessing defendant's guilt or innocence to consider this presumption along with the other relevant evidence.
However, it is the charge in its totality and not some "magic words" that must determine whether the defendant's rights have been protected or error committed. In the present case the defendant was certainly protected and his right to the presumption of innocence was adequately put before the jury. Hence, there was no error committed by the trial judge in refusing the requested jury charge. The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Justices concur.