Alfred Grace was convicted of robbery in the second degree and sentenced to 25 year's imprisonment. He appealed his conviction to this court, which affirmed in Grace v. State, 431 So.2d 1331
(Ala.Crim.App. 1982). This court at that time held that the failure to give written requested jury instructions was not error, because of the holding in Allen v. State, 414 So.2d 993
(Ala. 1982).
The Federal District Court for the Southern District of Alabama ordered that the appellant be released from state custody unless he was granted an "out-of-time appeal". The court further ordered that his case must be considered in light of the law as it existed previous to the Allen, supra, decision; that is, the case must be treated as if the appellant had an automatic exception to any requested jury charge not given. This appeal follows. The written requested charge not given by the court on which the appellant relies in his brief on this appeal is # 25. It states:
 "I charge, you, members of the jury that this defendant, who comes into court with a criminal offense, is presumed by law to be innocent, and that presumption attends him, as a matter of evidence, during the course and progress of the trial, until such time when the jury is convinced beyond a reasonable doubt of his guilt."
The oral charge of the court as it related to the presumption of innocence and the burden of proof was as follows:
 "But at all stages of this proceeding, the Defendant is presumed to be innocent and the presumption of innocence continues until the evidence introduced for or on behalf of the State of Alabama proves to all twelve of you beyond a reasonable doubt and to a moral certainty that the Defendant is guilty in this case, either a Robbery in the Second Degree or Robbery in the Third Degree."
 "The burden of proof, therefore, is on the State of Alabama. To prove to you beyond a reasonable doubt and to a moral certainty the guilt of the Defendant. I will attempt to define to you a little more about this. I will go further and say that the burden is never on a Defendant to establish his own innocence or to disprove the evidence that the State advances during the course of the trial to establish the crime of which the Defendant is charged. But, in this case, if any or all of the evidence, considering the same, raises in your minds a reasonable doubt as to the guilt of the Defendant, you should acquit the Defendant in this case."
". . . ."
 ". . . In all those rules that I have given you, a Defendant does not have to disprove a thing. A Defendant can sit silent and the State still has to prove that Defendant guilty, or a Defendant may offer evidence, if a Defendant wants to. That's something that can't be inquired *Page 864 
into or commented on during the trial, if a Defendant does not testify. The real reason for it is this, the State has got to prove in every criminal case that the Defendant is guilty beyond a reasonable doubt. No inference or conclusion may be drawn by you the Jury from the fact that the Defendant did not testify as a witness in his own behalf, even though that Defendant had the right to do so if the Defendant chose to do so. Nor, should this have any weight, whatsoever, with this Jury in deciding this case. I refer again to the presumption of innocence as is accorded to every Defendant that is tried in every State in the United States charged with crime. He is presumed innocent until proved guilty."
 A
The first question to be dealt with is whether the appellant's rights under the constitution of the United States were violated by virtue of the failure to charge that the presumption of innocence was evidence in the case. The United States Supreme Court, in Agnew v. United States, 165 U.S. 36, 51-52,17 S.Ct. 235, 241, 41 L.Ed. 624 (1897), rejected the notion that the presumption of innocence was evidence; the Court then held inHoward v. Fleming, 191 U.S. 126, 24 S.Ct. 49, 48 L.Ed. 121
(1903), that an accused person did not have the right under the 14th Amendment to an instruction as to the presumption of innocence. See Taylor v. Kentucky, 436 U.S. 478, 98 S.Ct. 1930,56 L.Ed.2d 468 (1978), and Kentucky v. Wharton, 441 U.S. 786,99 S.Ct. 2088, 60 L.Ed.2d 640 (1979).
 B
Were the rights of the accused violated under Alabama law?
The case law in Alabama consists of some cases saying that failure to charge that the presumption of innocence is evidence is reversible error and some cases saying that it is not. Some of the cases holding that failure to give such a requested charge is reversible error when the court's oral charge did not include it are: Denson v. State, 50 Ala. App. 409, 279 So.2d 580
(Ala.Crim.App. 1973); Bryant v. State, 348 So.2d 1136
(Ala.Crim.App. 1977); Brooks v. State, 380 So.2d 1012
(Ala.Crim.App. 1980). Cases holding that it is not reversible error to refuse a charge saying that the presumption of innocence is evidence, in absence of that proposition being stated in the oral charge, are: Sellers v. State, 353 So.2d 535 (Ala.Crim.App. 1977), and Carroll v. State, 407 So.2d 177 (Ala. 1981); Gordon v.State, 268 Ala. 517, 110 So.2d 334 (1959); Murray v. State,49 Ala. App. 590, 274 So.2d 365 (1972), cert. denied, 290 Ala. 369,274 So.2d 368 (1973).
Of course, if the court in its oral charge or in another written requested charge fairly and substantially covers the principles of law contained in the charge, then the refusal of that charge is not error. Lambeth v. State, 380 So.2d 923 (Ala. 1979), quoting Dillard v. State, 371 So.2d 947, 948 (Ala. 1979).
We are satisfied that the court gave a clear instruction to the jury as regards the presumption of innocence. In fact, the record indicates that the court charged them twice on the presumption of innocence. Cases regarding the niceties of particular language in a charge bring to mind the lawyers' lament that jury charges are directed toward the appellate courts, rather than the jury.
The most recent decision on the issue from our own Supreme Court is controlling in this case. Upon the authority, as well as the reasoning, contained in Carroll v. State, supra, we hold that the trial court in this case did not commit reversible error in its failure to give the written requested charge addressed in this appeal and its companion, written requested charge # 6.
Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 865