536 So.2d 123 (1988)
Jimmie Lee MALONE
v.
STATE.
1 Div. 637.
Court of Criminal Appeals of Alabama.
April 26, 1988.
On Return to Remand August 23, 1988.
Rehearing Denied October 11, 1988.
Certiorari Denied December 23, 1988.
Barbara A. Brown, Mobile, for appellant.
Don Siegelman, Atty. Gen. and Jean Alexandra Webb, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-103.
BOWEN, Presiding Judge.
Jimmie Lee Malone was convicted for the murder of Willie Cain and sentenced to life imprisonment. Four issues are raised on this appeal from that conviction.

I
The first two issues concern sentencing. Malone argues that he was improperly sentenced as a habitual offender and that the docket entry is erroneous.
*124 Prior to sentencing the prosecution filed a "motion for habitual offender status" alleging that Malone had two prior felony convictions. Attached to this motion were certified copies of case action summaries showing that Malone had a 1983 conviction for the sale of pentazocine and a 1983 conviction for the sale of marijuana.
At sentencing, the prosecution indicated to the trial court that it had nothing to present and no mention was made of the Habitual Felony Offender Act. The court sentenced Malone without indicating whether or not it was treating Malone as a habitual offender. There is no objection in the record to either the sentence imposed or the manner in which it was imposed.
The docket entry reflecting the sentencing action states that Malone was sentenced to life without parole. The trial court denied Malone's motion to correct this docket entry. As a habitual offender with two prior convictions, Malone "must be punished by imprisonment for life or for any term of not less than 99 years." Alabama Code 1975, § 13A-5-9(b)(3). The punishment for murder is "life or not more than 99 years or less than 10 years." § 13A-5-6(a)(1). Therefore, the sentence of life imprisonment is a proper sentence regardless of whether or not Malone was sentenced as a habitual offender.
However, a term of life without parole is not authorized and the docket entry is incorrect. Therefore, this cause is remanded with instructions that the erroneous docket entry dated October 28, 1987, in case CC87-758 be corrected to reflect a sentence of life imprisonment. This action has been requested by both the appellant Malone and the Attorney General, the appellee. If the trial court intended to sentence Malone to life without parole, a new sentencing hearing must be held and the prosecution must prove by proper evidence that Malone has three prior felony convictions.

II
Malone's motions for a judgment of acquittal based on the insufficiency of the evidence were properly denied.
It is undisputed that the victim and Malone had been arguing before the shooting. Otha Osburn testified that he saw Malone "trying" to shoot the victim but "the gun wouldn't shoot." Osburn then heard a shot but "didn't see him shoot him." Osburn then saw Malone shoot "down by [the victim's] head as the victim lay on the ground."
Ottis Burden testified that approximately two hours before the homicide he saw Malone, armed with a pistol, chasing the victim. Burden stated that Malone placed the pistol in the victim's face and said, "I supposed to kill you, I should blow your head off." Later Burden saw Malone "snapping" the pistol at the victim. Burden testified that Malone "got him a bead and waited until [the victim] raised up, the gun was fired. He hit him. [The victim] fell." Then Malone kicked the victim, stomped his face, and "fired again."
Expert medical testimony revealed that the victim sustained three gunshot wounds and died from a gunshot wound to the chest.
Malone testified that earlier that day he had pointed his pistol at the victim. However, he stated that he never shot the victim and did not know who did.
The testimony of the State's witnesses is sufficient to support Malone's conviction. The fact that they had been drinking intoxicating beverages presented an issue of credibility for the jury. Here, as in Jones v. State, 469 So.2d 713, 716 (Ala.Cr.App.1985), "these contentions constitute nothing more than jury arguments as to credibility and do not concern the legal sufficiency of the evidence."

III
Defense counsel objected to the admission into evidence of two photographs of the victim's body on the grounds that "[t]he pictures are gross. The prejudicial effect outweighs the probative value." The trial court allowed the prosecution to introduce one of the photos into evidence after the prosecutor represented to the trial judge that he had "[n]o other photographs *125 of the victim," showing the victim's condition.
The photograph depicts the victim lying on a metal stretcher or table in a hospital emergency room with a large gaping opening in his upper chest revealing portions of his internal organs. Surgical gloved hands holding a hemostat and needle appear to be in the process of closing the opening with large stitches.
The photograph was taken by Mobile Police Officer Ronald S. Myers, who testified that the photo was taken in the emergency room approximately thirty minutes after the shooting. He stated that the photograph did not show the victim's condition at the scene of the shooting because "[t]he doctors in the emergency room always try to save a person and they open them up and try and massage the heart et cetera."
Dr. Leroy Riddick performed an autopsy on the victim. He identified the location of the fatal gunshot wound: "And it was just right at the surgical incision. They tried to resuscitate him." Dr. Riddick testified that the photograph was taken during the autopsy and identified himself as the physician in the photograph.
"A photograph [of a victim] becomes objectionable only when there is distortion of two kinds: (1) distortion of the subject matter as where necroptic or other surgery causes exposure of nonprobative views, e.g., massive multilation...." C. Gamble, McElroy's Alabama Evidence, § 207.01(2) (3d ed. 1977).
"The general rule in Alabama is that photographs of a murder victim taken after the performance of surgery or an autopsy are admissible in evidence even though they show the marks of incisions made for the purpose of the autopsy or resulting from the surgery where these marks are sufficiently identified and pointed out to the jury...."
"... The fact that a photograph has very little probative value does not prevent its admissibility where it will tend to shed light on, strengthen, or illustrate the truth of other testimony; or where it has a reasonable tendency to prove or disprove some material fact or issue in the case; or where it illustrates the location, nature or extent of the wound or is used to identify the deceased." Gilmore v. State, 346 So.2d 1193, 1196 (Ala.1977).
The photograph in this case was gruesome and did not show the exact location of the wound. However, the photograph was used to demonstrate the approximate location of the wound and to identify the body in the chain of custody. The testimony and the photograph itself make it clear that the depicted condition of the victim's body was not caused by the injury inflicted by the defendant, but was the result of a medical life-saving effort.
Although we discourage the use of such photographs with little probative value, Caylor v. State, 353 So.2d 8, 11 (Ala.Cr. App.1977), cert. quashed, 353 So.2d 11 (Ala. 1978), the trial judge is vested with a large amount of discretion in his determination of whether a photograph will aid the jury or tend to cause confusion or prejudice. Bucyrus-Erie Co. v. Von Haden, 416 So. 2d 699, 701 (Ala.1982).
"Courts and juries cannot be too squeamish about looking at unpleasant things, objects or circumstances in proceedings to enforce the law and especially if truth is on trial. The mere fact that an item of evidence is gruesome or revolting, if it sheds light on, strengthens or gives character to other evidence sustaining the issues in the case, should not exclude it." Baldwin v. State, 282 Ala. 653, 655-56, 213 So.2d 819, 820 (1968).
We find that the photograph does tend to have some probative value, Beecher v. State, 288 Ala. 1, 11, 256 So.2d 154, 164 (1971), reversed on other grounds, Beecher v. Alabama, 408 U.S. 234, 92 S.Ct. 2282, 33 L.Ed.2d 317 (1972), and, therefore, find no abuse of the trial judge's discretion in the admission of the photograph.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand, the trial judge, in compliance with our opinion on original submission, *126 sentenced Malone to life imprisonment. The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.