The appellant, Steven Lewis Finley, was convicted of distributing cocaine, in violation of § 13A-12-211, Code of Alabama 1975, as charged in the indictment. He was sentenced to eight years' imprisonment.
At trial, the State's evidence showed that on June 14, 1991, Agent Clinton Stanton of the enforcement division of the Alcohol and Beverage Control Board was operating undercover in Auburn, Alabama. Agent Stanton was wearing a microphone to transmit his whereabouts to Sgt. Jerry Holder of the Auburn Police Department. At 9:05 p.m., Agent Stanton was approached on Slaughter Avenue by the appellant. Stanton asked the appellant for $20 worth of cocaine. The appellant took $20 from Stanton and told Stanton to drive off and come back. Stanton complied and was then given the cocaine by the appellant.
Communicating through his "wire," Stanton advised Sgt. Holder of the sale. Trial testimony for the State indicated that at about 9:30 p.m., Holder met Stanton at Stanton's apartment, where the cocaine *Page 199 
was turned over to Holder. Holder delivered the cocaine to the Department of Forensic Sciences.
Stanton described the appellant to Holder, and at 10:30 p.m., Holder arrested the appellant near the scene of the 9:05 p.m. sale.
A photograph was taken of the appellant that night and Agent Stanton positively identified the person in the photograph as the person who had sold him the cocaine that evening. The appellant, however, denied that he was the person from whom Agent Stanton purchased the cocaine on the evening of June 14, 1991. At trial, the appellant attempted to establish an alibi, introducing several witnesses who claimed the appellant was at another location on the night of the sale.
 I
The appellant first contends that the charges against him should have been dismissed because the trial court failed to comply with the provisions governing preliminary hearings set out in Rule 5.1, A.R.Crim.P. Specifically, the appellant claims that he promptly requested a preliminary hearing after his arrest and that the hearing was set for July 11, 1991. However, the hearing was postponed until August 1, 1991. On July 30, 1991, an indictment was served on the appellant, thus eliminating the need for the preliminary hearing. Nevertheless, the appellant argues that the requirements of Rule 5.1(d) were not met because the trial court failed to enter a written order giving its reasons for postponing the original preliminary hearing. He argues that the denial of the preliminary hearing prejudiced him.
The appropriate sections of rule 5.1 A.R.Crim.P. provide:
 "(a) A defendant charged by complaint with the commission of a felony may, within thirty (30) days of arrest, demand a preliminary hearing. If demanded, the preliminary hearing shall commence in district court within twenty-one (21) days following the demand for preliminary hearing unless:
". . . .
 "(3) The hearing is postponed as provided in section (d); or
 "(4) An indictment charging the same offense has been returned by the grand jury before the commencement of the hearing.
". . . .
 "(d). Upon motion of any party, or upon the district judge's own initiative, the preliminary hearing may be postponed beyond the time limits specified in section (a), upon a finding that circumstances exist that justify delay, and in that event the court shall enter a written order detailing the reasons for the finding and shall give the parties prompt notice thereof."
"Even where a timely request is made, where an indictment is returned prior to a preliminary hearing, the accused is no longer entitled to the preliminary hearing. Herriman v. State,504 So.2d 353, 356-57 (Ala.Crim.App. 1987), and cases cited therein. See also Rule 5.1(a)(4), A.R.Crim.P." Carroll v.State, 599 So.2d 1253 (Ala.Crim.App. 1992).
It is clear in the instant case that the indictment was returned prior to the hearing. In accordance with Alabama authority, the appellant was no longer entitled to the preliminary hearing once the indictment was returned. It is true that the trial court failed to issue an order detailing the reasons for postponing the hearing as required by Rule 5.1(d). However, this issue became moot once the indictment was returned. The trial court appropriately denied the appellant's motion to dismiss.
 II
The appellant's next contention is that the evidence presented at trial was insufficient to sustain a conviction of unlawful distribution of cocaine as charged in the indictment. Specifically, the appellant contends that during the trial, Agent Stanton testified to a direct sale from the appellant to him. However, there was a dispute as to identification of the appellant, and the appellant presented several alibi witnesses who testified that the appellant was present *Page 200 
during the time testified to by Agent Stanton as the time of the sale.
This court recently held that "any conflict in testimony between witnesses as to the facts presents a jury question and in no way undermines the sufficiency of the State's evidence."Davis v. State, 598 So.2d 1054 (Ala.Crim.App. 1992); See alsoWilhite v. State, 485 So.2d 777, 781 (Ala.Crim.App. 1985),aff'd, 485 So.2d 787 (Ala. 1986); McBryar v. State,368 So.2d 568 (Ala.Crim.App.), cert. denied, 368 So.2d 575 (Ala. 1979). This case presents conflicting evidence. Agent Stanton identified the appellant as the person who sold cocaine to him. The appellant offered several witnesses who testified that the appellant was with them at the time Agent Stanton claims to have been with the appellant. The credibility of witnesses is the issue here, and we agree with a previous holding of this court that "these contentions constitute nothing more than jury arguments as to credibility and do not concern the legal sufficiency of the evidence." Malone v. State, 536 So.2d 123
(Ala.Crim.App. 1988). This was an issue for the jury to decide and we decline to disturb the verdict.
 III
The appellant's third argument is that the trial court erred in improperly charging the jury that it "may" consider the presumption of innocence as evidence rather than that it "must" consider the presumption of innocence as evidence. Specifically, the appellant claims that in the trial court's oral jury charge, the court adequately explained the presumption of innocence to the jury. However, the appellant argues, the court erroneously stated to the jury that the presumption of innocence is evidence that the jury "may" consider on the appellant's behalf. Thus, the appellant argues, the entire charge on presumption of innocence is tainted by this statement.
During the court's oral charge to the jury, the trial judge gave the following charge concerning the presumption of innocence:
 "Now under your oath you are duty bound to decide this case based on the law and the evidence that you've heard. Cases are not to be decided based on sympathy or any other factor.
 "How did this case come to you? It came by means of an indictment. I've already read that indictment to you. When the Grand Jury returned that indictment for the charge of distribution of cocaine the Defendant entered a plea of not guilty, which he had a perfect legal right to do. By virtue of his entering that plea it casts the burden of proof on the State of Alabama to satisfy each one of you beyond a reasonable doubt and to a moral certainty of his guilt. The Defendant has no burden placed on him. He does not have to prove his innocence.
 "He comes into court surrounded with what we call a presumption of innocence and it stays with him until such time as each one of you is satisfied beyond a reasonable doubt that he is guilty. And only at that time does he shed that cloak of innocence. Now this presumption of innocence is evidence that you may consider on his behalf.
 "As I say the burden of proof is on the state and that burden is to prove beyond a reasonable doubt the Defendant's guilt. . . .
 ". . . In deciding this case, ladies and gentlemen, as I've said you base your decision on the evidence. Evidence consists of three things: First is the sworn testimony that you heard from the witness stand; secondly, the exhibits and documents that you'll have with you in the jury room; and third is the presumption of innocence that I have already described for you. . . ."
In Breeding v. State, 523 So.2d 496 (Ala.Crim.App. 1987), the appellant argued that the trial court had erred by failing to charge the jury that "the legal presumption of innocence was a matter of evidence and should be regarded as such by the jury in the Defendant's behalf during their deliberations." This court held in Breeding:
 "In Grace v. State, 456 So.2d 862
(Ala.Cr.App. 1984), this Court found that the trial judge's oral charge to the jury concerning the presumption of innocence *Page 201 
substantially covered the necessary principles of law and that charge contained no language requiring that the jury consider the presumption of innocence as evidence in the appellant's behalf during their deliberations.
 " 'We are satisfied that the court gave a clear instruction to the jury as regards the presumption of innocence. In fact, the record indicates that the court charged them twice on the presumption of innocence. Cases regarding the niceties of particular language in a charge bring to mind the lawyers' lament that jury charges are directed toward the appellate courts, rather than the jury.'
"Id. at 864.
 " '[I]t is the charge in its totality and not some "magic words" that must determine whether the defendant's rights have been protected or error committed. In the present case the defendant was certainly protected and his right to the presumption of innocence was adequately put before the jury.'
"Carroll v. State, 407 So.2d 177, 179 (Ala. 1981)."
This same rationale applies to this case. The trial court's charge as to the presumption of innocence was sufficient and has been approved by this court in O'Neal v. State,602 So.2d 462 (Ala.Crim.App. 1992).
 IV
Finally, the appellant contends that the trial court erred in allowing the prosecution to prove the location of a day care center in connection with the alleged drug sale because that evidence was relevant only for sentencing purposes. The appellant argues that this evidence was highly prejudicial and offered for the purpose of "inflaming the jury" against the appellant, rather than proving guilt or innocence.
During the examination of Sgt. Jerry Holder, the following occurred:
"[By the Prosecutor]
 "Q. Okay. Now approximately at what time was the next communication come over the wire?
 "A. He communicated most of the time that he was in his vehicle. He told us where he was going, which turns he was making, where he was at so we could keep up with him. He told me when he turned onto Slaughter Avenue off of Boykin Street. He told me when he was approaching the day care center and said that there were several people around.
 "Q. You mentioned a day care center, where is day care center in [reference] to where this sale took place?
"MS. BROWN [Defense Counsel]:
 "Judge, we're going to object. It's irrelevant.
"MR. NORTHCUTT: Not so, Your Honor.
"THE COURT: Overruled.
 "Q. The day care center is where numerous cocaine buys were made by Agent Stanton —
 "MS. BROWN: Judge, we're going to object to what may have happened in some other case with some other people. We're going to object and we submit that the Court is just using that to prejudice the jury against my client because this is a drug case. And we object to this line of questioning to this officer, one it's not responsive to the question either. We object.
". . . .
 "Q. Officer I don't want to know that, I just want to know distance-wise, is what I'm referring to.
 "A. Agent Stanton, you can't see the numbers on the doors in the apartments in that area. That's Molton Apartments and there's one place in Molton Apartments where there is a day care center. And that's where a lot of people hang out at and he —
 Q. Now let me ask you this: Is that within a two mile radius of where you were?
 "A. It was within approximately a quarter of a mile from where I was at.
"Q. Okay. That's what I wanted to know. . . ."
The appellant's argument is without merit. During the communication between Agent Stanton and Sgt. Holder through the "wire," Stanton identified the seller and the location of the sale to Holder. Later, Holder arrested the appellant based on *Page 202 
Stanton's descriptions. Holder's knowledge of the location of the sale was relevant to the issue of whether Stanton's identification of the appellant was correct.
As stated previously by this court:
 " 'Generally, a determination of admissibility of evidence rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of an abuse of discretion.' U.S. v. Penn, 721 F.2d 762
(C.A. Ala. 1982); U.S. v. Dothard, 666 F.2d 498
(C.A. Ala. 1982); Ward v. State, 440 So.2d 1227
(Ala.Crim.App. 1983); Wicker v. State, 433 So.2d 1190
(Ala.Crim.App. 1983). Evidence is relevant if it has 'any tendency to throw light upon the matter in issue, even though such light may be weak and falls short of demonstration.' McCain v. State, 46 Ala. App. 627, 247 So.2d 383 (1971); Austin v. State, 434 So.2d 289 (Ala.Crim.App. 1983). 'Any fact which has causal connection or logical relation to another fact, so as to make the other fact either more or less probable, is competent or relevant.' Hurst v. State, 397 So.2d 203
(Ala.Crim.App.), cert. denied, 397 So.2d 208
(Ala. 1981); Waters v. State, 357 So.2d 368
(Ala.Crim.App.), cert. denied, 357 So.2d 373
(Ala. 1978). Further, evidence is relevant if it has any probative value, however slight, upon a matter at issue in the case. C. Gamble, McElroy's Alabama Evidence, § 21.01 (3d ed. 1977)."
Mitchell v. State, 473 So.2d 591, 594 (Ala.Crim.App. 1985).
We find no abuse of discretion on the part of the trial court as to this issue. It was appropriate for the court to allow the State to prove that Sgt. Holder was able to determine Agent Stanton's location, when Stanton told the court that he was near the day care center.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.